————o————

ROBY S. PORTER, JR., Trustee, etc., Plaintiff in Error, *vs.* JESSE SCHOFIELD, *et al.*, Defendants in Error.

1. *Deeds of trust—Implied power in trustee to sell, for debts of cestui que trust.*—A deed of trust, which binds the property conveyed for the payment of the beneficiary's debts, without express words, vests in the trustee an implied power to sell for that purpose.

2. *Deed of trust—Sale under—Trustee—Description of in deed.*—A trustee's deed, which describes him as trustee, and is signed by him with the word "trustee" added to his name, and describes the land conveyed by him as part of the lands deeded to him by the deed of trust, contains a sufficient reference to the source of his power to validate his sale and deed.

*Error to Lafayette Circuit Court.*

*Rathbun & Graves*, for Plaintiff in Error.

I. The deed from Thomas J. Porter, as trustee, to defendants Hughes and Wasson, was void upon its face. Kent. Com. v. 4, p. 333, § 4, establishes the doctrine, "that when the consent of a third person to the execution of a power is requisite, the consent shall be expressed in the instrument by which the power is executed, or shall be certified in writing thereon, and the instrument or certificate shall be duly proved or acknowledged." (Barbour vs. Carey, 1 Kern., p. 397.) In case at bar, the power of trustee

Porter, to convey, emanated from his grantor, and requires the request in writing of the beneficiary, which is an essential condition. No such consent having been obtained or given, the sale and deed to Hughes and Wasson, are void both at law and in equity. (Thornburg vs. Jones, 36 Mo., 574; Powers vs. Kueckhoff, 41 Mo.,425; Jackson vs. Clark, 7 Johns., 217; Miller vs. Hull, 4 Denio, 104; King vs. Duntz, 11 Barb. 192; Sherwood vs. Reed, 7 Hill, 431.) Equity will not aid defects which are of the very essence of the power, as in this case; "if the power be executed without the consent of parties who are required to consent to it." (1 Sto. Eq Juris. [8th Ed.], p. 97, § 97; Janney vs. Spedden, 38 Mo., 395.)

*Doniphan & Gaines, and Dunn,* for Defendants in Error.

I. In this deed the grantor describes himself, thus, "I Thomas J. Porter, Trustee," and refers to the subject of the power, as follows: "A part of certain lands, heretofore conveyed by one Levi Vancamp, to the said Thomas J. Porter, in trust for certain purposes, in said deed of trust mentioned, and which said deed of trust is dated March 23rd, A. D. 1865, and is recorded in the Recorder's office for said Lafayette county, in Deed Book N. No. 1; at pages 398–399," referring directly to the subject of the power, and showing that the said Thomas J. Porter, had in view the subject of the power, in the execution of said deed of conveyance; and he executes said deed in the name of "Thomas J. Porter, Trustee." (Hazel vs. Hagan, 47 Mo., 277, 281–282; 2 Sto. Eq. Juris., 1062, note 3, and cases cited; Collier Will Case, 40 Mo., 329–330; 4 Kent. Comm., [6th Ed.] 334–336.)

II. The deed from Levi Vancamp to Thomas J. Porter invested the latter, as such trustee, with full power and authority to sell and convey the real estate, whenever desired to do so by the said Elvira Porter. If such request was given, and said sale assented to by said Elvira Porter, or after said sale was acquiesced in by the said Elvira Porter, such acquiescence was a ratification of said sale, and said trustee is estopped from claiming said land. (Wendell vs. Van Rensalaer, 1 Johns. Ch.,

352; Starrs vs. Barber, 6 Johns. Ch., 167, 172; 1 Sto. Eq., [4th Ed.] §§ 385, 388; Heuntson vs. Clark, 13 Mo., 388–390; Taylor vs. Zepp, 14 Mo., 482; 2 Washb. Real Prop., [2nd Ed.] 452; Welland Canal vs. Hathaway, 8 Wend., 480; Corning vs. Gould, 16 Wend., 545; Hughby vs. Barrow, 49 Mo., 103; *Ibid*, p. 231, 48 Mo., 325.)

*H. C. Wallace*, for Defendants in Error.

I. By the terms of the deed, the trustee was to collect and receive the rents and profits of the lands therein mentioned, out of which after paying taxes and expenses of repairs, to pay off said mortgages. These mortgage debts are by said deed, made a charge on the whole of the lands on both sides of the road, and this charge constituted a trust to sell said lands, to pay said debts, if they could not in a reasonable time, be paid out of the rents and profits. If the trusts of the deed require a gross sum to be raised, the expression "rents and profits," will not confine the power to the mere rents; and the trustee may sell. The rents and profits are but the means, which are not to control, but to yield to the end to be accomplished. (2 Sto. Eq. Juris., [4 Ed.] §§ 1064–1064a–1064b, and notes 2–3, and cases cited; Ball vs. Harris, 4 Myln & Craig, 264, and cases cited; Hazel vs. Hagan, 47 Mo., 277; Green vs. Belchier, 1 Atk., 505; Shrewsbury vs. Shrewsbury, 1 Ves. Jr., 233; Allen vs. Backhouse, 2 Ves. & Beame, 64-76.)

II. The deed made by Thomas J. Porter, to Hughes and Wasson, for the land in controversy, sufficiently shows on its face, that it was made in execution of the power conferred on him, as trustee, by the deed of Levi Vancamp, aforesaid. The deed not only purports to be made by Thomas J. Porter, as "trustee" but the subject matter of the trust, the land conveyed, sufficiently shows the intention to execute the trust. (Hazel vs. Hagan, 47 Mo., 277, 281-2; 2 Sto. Eq. Juris., § 1062a, and note 3, and cases cited; Collier Will Case, 40 Mo., 287, at pp. 329-330; 4 Kent's Comm., [6th Ed.] 334, 335, 336.)

ADAMS, Judge, delivered the opinion of the court.

This was ejectment for land in Lafayette County.

Both parties claim, under Levi Vancamp and under a deed of trust executed by him to Thomas J. Porter, as trustee, first, for payment of certain debts and then in trust for Elvira Porter, wife of John S. Porter, for her life, and, at her death, for her children.

The trusts of this deed are declared in the following language: "To have and to hold the real estate unto the party of the second part, Thomas J. Porter, his heirs and assigns forever; in trust, however, for the following uses and purposes: First, to receive and collect the rents, issues and profits of said property hereby conveyed, and, after paying taxes and necessary expenses of repairing the same, to pay the mortgage and judgments now on the same to Lafayette County, for the use and benefit of common schools, the amount to said county being originally five hundred dollars, borrowed by John S. Porter, who executed a mortgage on part of the above lands to said county of Lafayette; and the said Levi Vancamp was security for him to said county on a promissory note for that sum; and shall also pay the balance of another mortgage on part of said lands, originally executed to Levi Vancamp, the grantor herein, by the said John S. Porter, to secure to said Levi Vancamp, as executor of William S. Vancamp, deceased, the sum of thirty-six hundred and ninety-eight dollars and thirty-four cents, and which said debt and mortgage was assigned by said Vancamp to his daughter, America Nichols, widow of James Nichols, deceased, on which said last mentioned mortgage, there is now due about the sum of nine hundred and forty dollars, principal and interest, and after payment of these two debts, as above mentioned, to pay over all the net profits, rents, issues, etc., to the said Elvira Porter, party of the third part, for and during her natural life and upon her receipt alone and without any control or interference of her husband, John S. Porter, and it is the express understanding and agreement that if the said Elvira Porter desires to sell and convey said real estate, then the said Thomas J. Porter has full power

and authority to sell and convey the same or any part thereof, and shall re-invest the proceeds of such sales in other trust property for the use, benefit and interest of the said Elvira Porter herself, without any control of her said husband ; secondly, from and after the death of the said Elvira Porter, then the said trustee shall hold whatever real estate he may possess under this deed at that event, to and for the use and benefit of such children of said Elvira as shall be then living and to her grandchild or children of any such of her children as shall be dead, such grandchild or grandchildren to have only such share as their deceased father or mother would have if living.

\*　　\*　　\*　　.　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

"The receipt to him of *the* Elvira shall be a sufficient discharge of all liability, so far as it goes, under this deed of trust. He shall pay to her all profits after the mortgages are paid off, and her written request to said trustee to sell shall be his sufficient authority to do so. Upon the death of said Elvira, her children shall then, as stated above, with any grandchildren, if there be any such, inherit the said trust fund."

The trustee, Thomas J. Porter, sold and conveyed part of the trust land, being the part for which this suit was brought, to Joseph Hughes and George S. Wasson, for $7,000, on the 21st day of March, 1867, and paid off the debts mentioned in the deed of trust, the rents and profits being wholly insufficient for that purpose, and the balance of the purchase money he appropriated to other debts, due by John S. Porter.

In the deed to Hughes and Wasson, he describes himself as trustee and refers to the deed of trust simply by stating that the land conveyed is a part of the same conveyed to him by the said deed of trust, and warrants the title against all persons claiming under himself, and, in signing his name, added the word "trustee."

Hughes and Wasson afterwards, in October, 1867, conveyed the land in dispute to the plaintiff in fee.

Afterwards, Elvira Porter made an *ex parte* application to the Circuit Court of Lafayette County to have another trustee appointed, alleging, that the said Thomas J. Porter had re-

signed, and the court, on this application, appointed the plaintiff, Roby S. Porter, trustee, and as such he brought this suit.

There was evidence given on the trial that the defendant, Schofield, took possession under his purchase and made valuable and lasting improvements to the amount of seven thousand dollars, and that Elvira Porter had knowledge of the improvements, as they were being made, and claimed no title during their progress. There was no evidence that she made any written request for the trustee, Thomas J. Porter, to sell the land in controversy.

The case was submitted to the court for trial, and numerous instructions were passed upon by the court, which, under the view we take, it is unneccessary to recite. The court found and gave judgment for defendant. A motion for a new trial was made by the plaintiff and overruled.

1. The first point raised by this record is whether the trustee, Thomas. J. Porter, had power to make the sale to Wasson and Hughes, for the purpose of paying the debts secured by the trust deed, without the written request of Elvira Porter, the *cestui que trust* for life.

The language of the deed does not, in express words, create the power to sell for the payment of the debts; but it is manifestly implied, from the fact that the debts were charged upon the land, and the trustee was directed to pay them out of the rent and profits. As the rents and profits were wholly insufficient for that purpose, they must be looked upon only as one means of payment and not as the only means. The property itself being bound for the debts, an implied power exists in the trustee to make the sale for that purpose, without resorting to the tedious and expensive process of a suit in chancery.

This is the settled law in regard to powers raised by implication in wills for payment of debts, and I see no reason why the same language in deeds of trust should not receive the same construction. (2 Sto. Eq. §§ 1064, 1064a.)

By the terms of this deed, the written request of Elvira Porter only applies to a sale for the benefit of herself and children, and not for the payment of debts. The deed ex-

pressly declares that when a sale is made on her written request, the proceeds of such sale shall be held and invested for her use and benefit for life, and at her death for her children ; and there is no intimation in the deed that the proceeds of such sales are to be appropriated to the debts. The donor seems to contemplate that the rents and profits alone would be sufficient, without a sale, for the payment of the debts, and made no express provision for a sale to pay them ; that is an implied and not an express power.

2. The next point is whether the deed by the trustee, Thomas J. Porter, to Wasson and Hughes was properly executed by him in his fiduciary capacity so as to pass the legal and equitable title to them. The deed describes him as trustee and it is signed by him with the word "trustee" added to his name, and in the body of the deed the land is described as part of the lands conveyed to him by the deed of trust.

This was certainly a sufficient reference to the source of his power to make the sale and deed in question.

Whether the trustee could appropriate the proceeds of the sale to other debts than those secured by the trust, need not be discussed here. The grantees were not required to see that the trustee properly performed his duties in this respect. The title passed to them unincumbered by the trust.

The determination of these points necessarily leads to an affirmance and renders it unnecessary to pass upon the question of estoppel and other numerous questions discussed here by the learned counsel on both sides.

Judgment affirmed ; the other judges concur.