Orr v. Rode.

## ORR v. RODE *et al.*, *Plaintiffs in Error.*

1. **Mortgage**: CONSTRUCTION: POWERS, EXECUTION OF. A grantor, being indebted, conveyed land to a trustee in trust to enable the latter " to sell such parts of said property as may be desired to settle and satisfy said debts  *  *  *  and in order to settle said debts he may give his individual notes for the same and execute a mortgage, on the before-described lands and lots or any part thereof to secure the same upon such terms and payable at such times as may to him seem proper and advisable." *Held* that the deed authorized the trustee to borrow money to meet the debts and to execute his personal note therefor secured by a deed of trust on the land.

2. **Trustee**: APPLICATION OF TRUST FUNDS: STATUTE. It was not error in a suit against the grantor's heirs, to foreclose the mortgage to exclude evidence offered by defendants tending to prove that the debts of the grantor had been paid before the execution of the mortgage since, under Revised Statutes, 1879, section 3937, it is not obligatory upon one dealing with a trustee to see that the funds raised for the purposes of the trust are properly applied.

3. **Mortgage**: FORECLOSURE: STATUTE OF LIMITATIONS. The statute of limitations governing real actions applies to suits to foreclose mortgages and deeds of trust, and it is immaterial to such foreclosure that the note secured is barred by the limitation applicable to personal actions.

4. **Statute of Limitations**: PLEADING. The bar of the statute of limitations is ordinarily not available unless pleaded.

5. **Evidence**: DEATH OF PARTY: CONTRACT WITH TRUSTEE. The statute (R. S. 1889, sec. 8918) regulating the admissibility of the testimony of interested persons, where the adverse party is dead, does not exclude the evidence of one party to a contract when the transaction on the other part was had with a trustee competent to contract as principal and to sue in his own name.

6. **Practice in Supreme Court**: EXCESSIVE FINDING: WAIVER. Where the attention of the trial court has not been called in the motion for a new trial to an excessive finding, the objection will not be considered in the supreme court.

7. ———— : AMENDING JUDGMENT: STRIKING OUT NAMES OF PARTIES. The supreme court under Revised Statutes, 1889, section 2101, will not reverse a judgment, otherwise correct, because improperly rendered against some persons not interested in the suit. It will amend the record by striking out their names in affirmance of the judgment.

*Error to Buchanan Circuit Court.*—HON. J. P. GRUBB, Judge.

AFFIRMED.

THIS action was commenced by the plaintiff October 30, 1880, against the children of John H. Rode, deceased, who are the sole devisees ( and the husbands of such of them as were married women ), and James W. Strong, Ira Brown and others, to foreclose a deed of trust in the nature of a mortgage executed by defendant Strong, dated April 3, 1867, purporting to convey certain land described in Buchanan county, Missouri, to defendant Brown, in trust to secure the payment of a promissory note of the same date, whereby defendant Strong promised to pay to the plaintiff, one year after that date, four thousand dollars, with interest at ten per centum per annum.

On the back of this note are the following indorsements : " Paid on this note two hundred and ten dollars interest November 16, 1874 ; October 23, 1875, credit by Weatherby notes, three hundred and fifty-one dollars ; credit by Chesmore, ten dollars."

The pleadings in the case need not be fully given. The answers of certain of the defendants, besides general denials, set up the statute of limitations. The deed of trust sought to be foreclosed in this proceeding was executed by defendant Strong pursuant to supposed authority conferred by an earlier conveyance of John H. Rode, upon the construction of which the case chiefly turns.

The language of the deed, last mentioned, bearing directly on the pending controversy, is as follows: "To have and to hold the same, together with the appurtenances thereunto belonging, to the said party of the second part ( Strong ), and his *successors* and assigns forever. This conveyance is made in trust, however, for the following uses and purposes, that is to say: That, whereas the said John H. Rode is now indebted to divers persons; and whereas several judgments are now of record in said county of Buchanan, and which are liens upon the real estate and property hereby conveyed, and this conveyance is made to enable the said party of the second part to sell such parts of said property as may be desired to settle and satisfy said debts, and the said party of the second part is hereby empowered by the parties of the first part to make any arrangements which he may deem advisable with any of the creditors of the said John H. Rode, and in order to settle said debts he may give his individual notes for the same, and execute a mortgage on the before-described lands or lots, or any part thereof, to secure the same, upon such terms, and payable at such times as to him may seem proper and advisable; and he is also authorized to sell and convey any part of said property or real estate for such fair price as he may deem advisable for deferred payments of any of said indebtedness, selling the unimproved town lots first; that is, the lots having no dwelling house on, first, and the whole of the town lots before selling the

said tracts of land or any part thereof, and continuing to sell such parts as may be proper and necessary, until all of the said debts, which are liens on said real estate, are paid, and then such other debts as may now exist against said Rode, paying his security debts last. And, it is further understood, directed and agreed that after said debts are paid, that said lands are not to be disposed of or sold by said party of the second part unless it is to reconvey the balance thereof to the parties of the first part, or to convey the same by their written request or concurrence in writing."

The cause was tried by the court. Several of its rulings are the subjects of exceptions that will be noted, with other material matters, in the progress of the opinion of the court.

The plaintiff was examined on his own behalf as a witness and his testimony (referred to in the opinion) was as follows: William Orr, the plaintiff, called in his own behalf, being duly sworn, testified as follows: .

### DIRECT EXAMINATION.

Questions by Mr. White: "Q. You are the plaintiff in this case? A. Yes, sir."

Mr. Brown: "We object to Mr. Orr's being permitted to testify here in the case at all. He is the opposite party, and the pleadings show that Mr. Rode is dead. We think he is an incompetent witness."

The court: "The objection is overruled."

To which ruling defendants then and there excepted.

"Q. Where do you live? A. I live in Maysville, Missouri.

"Q. How long have you lived there? A. I come there in 1854.

"Q. Been living there ever since? A. Yes, sir; close to there. I don't live in town all the time, but I live there and around there.

"Q. Lived there in 1867? A. Yes, sir.

"*Q.* Were you acquainted with J. W. Strong? *A.* Yes, sir.

"*Q.* State, Mr. Orr, the circumstances which led to your making this loan in question, fully. *A.* Well, sir, Mr. Strong came down there to court and asked me if I had any money to lend. 'Well,' says I, 'I don't know how.' He found out I had some money here in Mr. Beattie's bank, and he called my attention to it, and told me that it might as well be drawing me interest as to be laying there. I told him I did not know whether I cared about lending it, or not. He insisted on me lending it, and I finally came to the conclusion that I would lend it, providing he gave me security, and he told me that he wanted it for Mr. Rode."

Mr. Brown: "We object to him being permitted to testify to the remarks that he made to Strong, and we wish to save an exception to the ruling of the court on that specific objection."

The court: "I can't see where this testimony will lead to. I don't see its relevancy as yet."

Mr. Brown: "We think that he is incompetent to testify."

The court: "So far as anything that took place between him and Mr. Rode, as a friend, he is unquestionably incompetent, and I am unable to see any relevancy, but so far as any conversation between himself and Mr. Strong, his friend, I don't see what harm it can do. I will hear it out anyway, and I will take it from me by instructions, if necessary."

"*Q.* Did not Mr. Vories ask him if he would not let Mr. Strong have the money?"

Mr. Brown: "We object to his stating what Henry Vories may have said, on the ground of irrelevancy, Mr. Vories being dead."

The court: "Well, that objection is sustained."

Mr. White: "We except."

Mr. White: "We offer to prove that William Orr, prior to making this loan, consulted with Henry M.

Vories, the agent and adviser of John H. Rode, as testified to by Allen H. Vories; that in that conversation Henry M. Vories told William Orr, that the sum of four thousand dollars was needed by John H. Rode to pay off his debts; that in the same conversation H. M. Vories told Wm. Orr that Strong had the power and right to borrow this for John H. Rode, and under the deed of trust in evidence; and, in consequence of this statement, and not until then, did Mr. Orr loan the money."

The court: "You will not be permitted to show this by this witness."

"Q. State if you loaned the money on the note and deed of trust, as read in evidence, to Mr. Strong. A. Yes, sir; I gave my check on the bank for four thousand dollars, and he got the money—at least he told me he did. I seen that they charged it to me in my account."

Mr. Brown: "We object to that, as incompetent, for the witness to testify upon that matter."

The court: "The court has already said that your exceptions would be saved. You have said that more than once, and I have already stated that I would hear anything that took place between Mr. Strong and Mr. Orr."

The defendant then and there excepted.

"Q. What payments have been made you on this note? A. Those on the back of the note.

"Q. I will call your attention to these credits on that note. Were these payments made at the time they purport to have been made on the note?"

Mr. Brown: "We object."

The court: "I think the objection will be sustained as to that, Mr. White, Mr. Orr not being a competent witness to prove the credits."

Mr. White: "We except. Take the witness."

Mr. Brown: "Stand aside."

After a finding for plaintiff and the usual formal motions, this writ of error was sued out on the part of defendants.

*Ramey & Brown* for plaintiffs in error.

( 1 ) The power to sell the lands of Rode contained in the deed to Strong did not authorize Strong to raise money on them by mortgage. *Price v. Courtney*, 87 Mo. 387 ; *Price v. Estell*, 87 Mo. 378 ; *Bloomer v. Waldron*, 3 Hill, 361 ; *Ferry v. Laible*, 31 N. J. Eq. 567 ; *Hoyt v. Jaques*, 129 Mass. 286 ; 1 Jones on Mortgages [ 3 Ed.] sec. 129. ( 2 ) Even if the power to sell ordinarily included the power to raise money for the same purpose by mortgage, it would, in this case, be excluded by the fact that, in addition to the power of sale, a very limited power to mortgage is given in the deed. ( 3 ) The power to mortgage, in this case to secure creditors until a sale can be effected, excludes the power to borrow money upon mortgage. " All trusts of terms directing the methods of raising money imply a negative, viz., that the money should be raised by the methods prescribed, and not otherwise." *Price v. Courtney*, 87 Mo. 387–393. ( 4 ) A power of sale can be exercised only in the mode, and upon the exact conditions, terms and occasions prescribed in the instruments of trust. *Kinney v. Mathews*, 69 Mo. 520 ; 2 Perry on Trusts [ 3 Ed.] sec. 783, and cases cited ; *Vail v. Jacobs*, 62 Mo. 130 ; *Graham v. King*, 50 Mo. 22. And this must necessarily be as true of a power to mortgage. *Kinney v. Mathews, supra.* ( 5 ) As to the application to this case of the general principle that the purchaser from a trustee having power to sell to raise a particular charge must see to the application of the purchase money, we will cite: 2 Perry on Trusts [ 3 Ed.] secs. 796–801, and cases cited in notes thereto ; *Duffy v. Calvert*, 6 Gill, 487, 517–18 ; *Kinney v. Mathews, supra.* ( 6 ) The conveyance under which Strong

acted expressly provided that the power to sell should cease upon payment of the debts, except to reconvey the remainder to Rode, or to convey the same by Rode's written request or concurrence in writing. If the debts had been paid at the time of the mortgage to Orr, the power to convey was extinguished, and the defendants should have been allowed to show that fact. *McClure v. Logan*, 59 Mo. 234–7; *Baker v. Halligan*, 75 Mo. 435; *Cameron v. Irwin*, 5 Hill, 272; *Swan v. Saddlemire*, 8 Wend. 676–681; *Griswold v. Perry*, 7 Lans. 98–103. (7) The statute of limitations barred this action in ten years. *Bush v. White*, 85 Mo. 339; *Johnson v. Johnson*, 81 Mo. 331; *Buren v. Buren*, 79 Mo. 538; *Rogers v. Brown*, 61 Mo. 187; *Lewis v. Schwenn*, 93 Mo. 26; *Adair v. Adair*, 78 Mo. 630; *Hunter v. Hunter*, 50 Mo. 445; 2 Story Eq. Jur., sec. 1520; Angell on Limitations, secs. 7, 78, 453, *et seq.* And the indorsement of payments on the notes is not evidence of the time of payment so as to take the case out of the statute. *Phillips v. Mahan*, 52 Mo. 197; *Goddard v. Williamson*, 72 Mo. 131. (8) The existence of the facts authorizing the trustee to sell should have been recited in the deed. *Minot v. Prescott*, 14 Mass. 495; *Griswold v. Perry*, *supra*. Orr, the plaintiff, was not a competent witness, Rode, the other party to the "cause of action in issue and on trial," being dead. *Meier v. Thieman*, 90 Mo. 433; *Chapman v. Dougherty*, 87 Mo. 617.

*H. K. White* and *C. A. Mosman*, for defendant in error.

(1) The deed from Rode to Strong did not confer a mere naked power. It vested in him the entire legal title, charged with the payment of Rode's debts, to satisfy which, powers of sale and mortgage were given, *Hunt v. Rousmainer*, 8 Wheat. 174; *Cherry v. Greene*, 115 Ill. 591; *Bonney v. Smith*, 17 Ill. 531; *Porter v. Schofield*, 55 Mo. 61. A substantial compliance with

the power is all that is required in trusts of this character. *Rowe v. Beckett*, 30 Ind. 154; *Rowe v. Lewis*, 30 Ind. 164; *Warner v. Ins. Co.*, 109 U. S. 369; *Sales v. Freeland*, 2 Vent. 350. (2) The negotiation was sanctioned by John H. Rode while in progress, and adopted by him after its completion. *Mercier v. Railroad*, 54 Mo. 506–513; *Sweet v. Jeffries*, 67 Mo. 425; *Huff v. Price*, 50 Mo. 228; *Austin v. Loring*, 63 Mo. 19; *Smith v. Sheeley*, 12 Wall. 361; *Mercier v. Land Co.*, 72 Mo. 490. (3) The action was not barred by the statute of limitations. There was no proof tending to show an adverse possession. An action would lie to foreclose the mortgage at any time within twenty years from the date of its execution. *Lewis v. Schwenn*, 93 Mo. 26; *Booker v. Armstrong*, 93 Mo. 49; *Cape Girardeau v. Harbison*, 58 Mo. 90; *Joyce v. Adams*, 26 Me. 533; *Heyer v. Pruyn*, 7 Paige, 468. (4) Judgment was properly rendered against James W. Strong personally. The action on the note was not barred. There was proof of payment made within ten years. *Phillips v. Mahan*, 52 Mo. 199; *Smith v. Ferry*, 69 Mo. 142; *Carter v. Carter*, 44 Mo. 195; 1 Greenl. Ev., sec. 121; *Horton v. Bayne*, 52 Mo. 531; *Trentham v. Deverill*, 3 Bing. (N. C.) 397; *Malpas v. Clemments*, 19 L. J. N. S. Q. B. 435; *Potez v. Glassap*, 2 Exch. 191. (5) Plaintiff Orr was a competent witness in respect to transactions, of which John H. Rode had no knowledge. *Poe v. Dominic*, 54 Mo. 124; *Martin v. Jones*, 59 Mo. 181; *McLaughlin v. Henry*, 59 Mo. 213; *Wheeler v. Arnold*, 30 Mich. 304. (6) The rule does not extend to a case where only one of two joint contracting parties is dead. *Fulkerson v. Thornton*, 68 Mo. 468; *Stanton v. Ryan*, 41 Mo. 510; *Nugent v. Curren*, 77 Mo. 326; *Wade v. Hardy*, 75 Mo. 394, 400. (7) Wherever a deceased contracting party was represented by an agent, who is capable of testifying, the other contracting party is a competent witness. *Ward v. Ward*, 37 Mich. 253; *Hildebrandt v. Crawford*, 65 N. Y. 105.

BARCLAY, J.—In the construction of such an instrument as the deed from Rode to Strong in this case the first and best rule of interpretation is to gather from the entire document, as best we may, the intention of the parties to it and give effect to such intent when manifest. *Gibson v. Bogy*, 28 Mo. 478.

The deed in question conferred on Strong not merely a power of sale but the legal estate, as well, in trust for certain purposes defined. The prime object of the trust was declared to be the payment of the debts of Rode. This court has held that, where such was the object, a power of sale necessarily was implied, even when unexpressed, the property itself being bound by law for the payment of the debts. *Porter v. Schofield*, 55 Mo. 56. To the same effect are *Cherry v. Greene*, 115 Ill. 591, and *Haggerty v. Lanterman*, 30 N. J. Eq. 37. But, in the case before us, the authority to sell is definitely given, in clear terms, with further power to make any arrangements with the creditors of Rode which the trustee might deem advisable, and to charge the property by mortgage to secure the trustee's individual note for such debts, etc.

One rule, of quite frequent application to this subject, is that where a power of absolute sale is vested in a trustee for a special purpose, necessarily contemplating the raising of funds ( as here, for the payment of debts ), such power impliedly includes that of raising such funds by mortgage, which is, in its nature, merely a conditional sale. *Loebenthal v. Raleigh*, 36 N. J. Eq. 172 ; *Bank v. McKnight's Heirs*, 2 Mo. 42. Moreover, the law requires no more than a substantial execution of the powers conferred on such a trustee. *Warner v. Ins. Co.*, 109 U. S. 369 ; *Cumming v. Williamson*, 1 Sandf. Ch. 17 ; *Mead v. McLaughlin*, 42 Mo. 198.

Here express and undoubted authority was given to satisfy any of Rode's debts with the trustee's own

note, and to secure it by mortgage on the property. What difference in effect can be pointed out between so doing and pursuing the course which the trustee actually adopted, of raising funds to meet such debts, by such a note so secured? We think there is no substantial difference, in view of the evident purpose and intent of the entire trust. Viewing the instrument of authority as a whole, we regard it as fully authorizing the trustee Strong to make the charge upon the property which forms the basis of this foreclosure suit.

II. The trial court excluded evidence, offered by the defendants, tending to prove that the debts of Rode had been paid before the execution of the deed of trust by Strong. This was not error. It is provided by our statutes, that "No person who shall, in good faith, pay money to a trustee, or other person acting in a fiduciary capacity, authorized to receive the same, shall be responsible for the proper application of such money; nor shall any right or title, derived by him from such trustee or other fiduciary, in consideration of such payment, be called in question in consequence of any mis. application by such trustee." R. S. 1879, sec. 3937.

As the instrument under review created a trust, and not a mere power, as we have already ruled, it was not obligatory upon one dealing with the trustee, to see that the funds raised for the purposes of the trust were properly applied. So long as the trust continued, the authority to raise the funds contemplated by it, for the purposes and in the manner indicated in it, continued. It was not obligatory on persons, acting in good faith, and without knowledge of any breach of trust, to see whether or not the purposes of the trust had been fulfilled before dealing with the trustee in relation to the property vested in him.

III. Some of the defendants interposed the statute of limitations as a bar to the foreclosure of the deed of trust sued upon. There is no evidence before us of any adverse possession by the mortgagor or grantor in the

deed of trust, or of those standing in privity to either. Therefore, this point in the case is controlled by the rulings in *Lewis v. Schwenn*, 93 Mo. 26, and *Booker v. Armstrong*, 93 Mo. 49, if they are to be followed.

We have been asked, in a masterly argument of counsel for appellants, to review and overrule those decisions ; but, having given the whole subject to which they relate further consideration, we are rather more strongly inclined to adhere to them and confirm the principles they declare, that the statute of limitations governing real actions applies to suits of this nature ( to foreclose mortgages or deeds of trust ), and that it is immaterial to such foreclosure that the note secured may be barred by the limitation applicable to personal actions.    Without further elaboration it may suffice to say that we approve the views expressed in the cases last referred to, and follow them.

Whether the finding of the trial court, in so far as it established a personal indebtedness of James W. Strong, as maker of the note, was correct or not, in view of the limitation law applicable to actions on notes, is unimportant, since the separate answer of Strong does not plead that statute.    It is scarcely necessary to repeat that, ordinarily, the bar of limitation, to be available, must be in some way set up.    Without this its bearing on the rights of the parties cannot properly be considered.

IV.    Defendants complain of the action of the court in permitting plaintiff to testify at the trial, Rode, the grantor in the deed to Strong, being dead ; but it will be seen by reference to the report of his examination ( in the statement of the case) that plaintiff was only allowed to testify to conversations and dealings with J. W. Strong, the trustee.

Many years ago this court ruled that the strict letter of the statute, regulating the admissibility of interested testimony where the adverse party is dead, should yield to its reason and spirit which aimed at

· placing the parties upon an equality. R. S. 1889, sec. 8918; *Coughlin v. Haeussler*, 50 Mo. 126. Since that construction was announced, the statute has been revised and re-enacted without change in the language so construed. We, therefore, accept that view of it as having received legislative approval by such re-enactment and as furnishing a proper rule for our guidance.

The reason and spirit of the law do not sanction the exclusion of the evidence here in question, even if Strong be regarded as a mere agent of the grantor, Rode. Though the latter was dead, Strong, at the time of the trial, was living and competent. The statute, when given its rational interpretation, does not exclude the evidence of one party to a contract when the transaction on the other part was had with an agent, still living and competent, though the principal (for whom the business was transacted) may be dead. *Ward v. Ward*, 37 Mich. 253.

But, as we have already remarked, Strong was no mere agent of Rode. He was trustee of an express trust and might have sued in his own name to enforce his rights as trustee, and, within the scope of the trust, had power to contract as such as a principal. Having done so, the testimony of Orr, as to dealings with him in that capacity, were admissible, even under the strict letter of the statute.

V. Whether or not the trial court erred in including, in the amount of its finding, the payment by plaintiff, of a judgment in favor of the state for delinquent taxes on the realty described in the deed of trust to him, is not a proper subject for review, as the attention of the trial court was not called to the subject in any of the reasons assigned for a new trial. No claim of any excessive finding was then made and consequently none can now be entertained. In civil causes, no exceptions can be taken in this court except such as have been expressly decided by the trial court. R. S. 1889, sec. 2302.

VI.   Certain of the parties defendant have ( so far as the record before us shows ) no interest or estate in the property described in the deed of trust of Strong. The judgment of the trial court should, therefore, have been in their favor, dismissing the petition as to them; but, as they are not necessary parties to the litigation, it is proper for us, in obedience to the plain command of the statutes, not to reverse the judgment for this reason, but to direct it to be amended by striking out their names as parties and affirming the judgment. R. S. 1889, sec. 2101.   For this course there are several precedents.   *Cruchon v. Brown*, 57 Mo. 38 ; *Crispen v. Hannovan*, 86 Mo. 160.

It is, therefore, ordered that the names of Silas Woodson, A. D. Green, S. B. Green and John S. Crosby, defendants, be stricken out, otherwise, the cause dismissed as to them, and the judgment of the circuit court be affirmed, respondents to pay the costs upon this writ of error.   All the judges concur.