C. W. WHITE, Appellant, v. A. J. SNELSON et al., Respondents.

### St. Louis Court of Appeals, February 18, 1902.

Where both parties to the original contract are living, and are both parties to the suit, the defendant is a competent witness to testify to any transaction he had with the plaintiff about the contract or note sued on and was competent to testify that the note sued on was the only note he ever executed to plaintiff.

Appeal from Texas Circuit Court.—*Hon. W. N. Evans*, Judge.

Affirmed.

*Lamar & Lamar* for appellant.

(1) It being admitted that V. M. Hines, the agent of C. W. White, for the collection of the note in suit, and with whom all the transactions relative to the payment of the note were had, is dead, A. J. Snelson was clearly incompetent to testify, and his testimony should have been excluded. R. S.

1899, sec. 4652; Williams v. Edwards, 94 Mo. 447; Leach v. McFadden, 110 Mo. 585; Nichols, Shepard & Co. v. Jones, 32 Mo. App. 657; Maier v. Thierman, 90 Mo. 433. (2) The transaction stands on the same footing as if the defense were payment to the payee (White) and he were dead at the time of the trial. In such cases, the payor is clearly incompetent. McElvain v. Garrett, 84 Mo. App. 300. The common law as to the incompetency of the party is in force when the other party is dead; and the survivor is incompetent for any purpose if he be the party in interest, or if he would have been incompetent at common law. Ring v. Jameson, 66 Mo. 424; Bagnell v. The Bank, 76 Mo. App. 121; Angel v. Hestor, 64 Mo. 142; Maier v. Thierman, supra. (3) Where the other party is dead at the time of the trial, the survivor is incompetent even to deny statements attributed to him by living witnesses. Curd v. Brown, 148 Mo. 82; Robertson v. Reed, 3 Mo. App. 32.

*W. L. Hiett* for respondents.

This case was tried before the court, sitting as a jury, and its finding and judgment was for the defendants upon an issue of fact. Its finding is, therefore, conclusive and binding upon the appellate court, if there is any substantial testimony upon which to base it. Smith v. Zimmerman, 51 Mo. App. 519; Arnold v. Insurance Co., 55 Mo. App. 149; Caruthers v. Williams, 58 Mo. App. 100; McClanahan v. Payne & Campbell, 86 Mo App. 289; Hafner v. St. Louis, 161 Mo. 34.

BLAND, P. J.—The suit was begun before a justice of the peace on the following promissory note:
"114.00.                    "Oct. 7th, 1893.

"One year after date we promise to pay to the order of C. W. White, one hundred and fourteen dollars, at Houston, Mo., for value received, negotiable and payable without de-

falcation or discount, and with interest from date at the rate of eight per cent per annum, and if the interest be not paid annually to become as principal and bear the same rate of interest.                                    "A. J. Snelson,

"Charles E. Peter."

The case was taken by appeal to the circuit court of Texas county, and was tried at the May term thereof, 1901, Judge L. B. Woodside being disqualified, Judge W. N. Evans, judge of the Twentieth judicial circuit, was selected by agreement of the parties to try the case, and a jury being waived, the case was tried by him, sitting as a jury.

There were no written pleadings, but the defense was that the note had been paid to V. M. Hines, who, in his lifetime, was the agent of C. W. White, the payee in said note, for the collection of said note.

The plaintiff introduced the note above set forth in evidence, and it was then admitted by both parties that V. M. Hines, was dead, and in his lifetime was the agent, duly authorized, of C. W. White, for the purpose of collecting the note offered in evidence.    Plaintiff then rested.

The defendant offered as witnesses J. M. Cunningham and Sam Cunningham, who testified to hearing the following conversation between Hines and the defendant six months previous to the trial:

"Q.    Did he say anything about the amount?

"A.    No, sir; he didn't say anything about the amount that I know of.    He said to Mr. Snelson that he had collected the deed of trust, 'that deed of trust,' is the way he spoke it, and then Mr. Snelson says, 'that entitles me to the White note,' as best I recollect, and I think I am right about it, and so he says 'yes' and there was some talk of Mr. Snelson sending to get it that evening, and he spoke about it being in the bank and that it was among his private papers.    He asked if Tom Nick couldn't turn over the note and Mr. Hines told him that he did not know where it was, but told him he would be back

soon, the way I understood him; I think that is the way I understood him, 'I will be back soon and I will turn the note over to you.' " .

Defendant was offered as a witness when the following took place:

"Q. You are one of the defendants in this suit, are you not, Mr. Snelson?

"A. Yes, sir.

"Q. I will ask you if you owed C. W. White any other note except the one that is sued on in this case?

"Plaintiff objects to any testimony on the part of this defendant, for the reason that V. M. Hines, the agent of the plaintiff, with whom all the transactions were had with reference to the note in suit, is dead, and for the reason that the witness is incompetent to testify. On which objection the court makes the following ruling: 'The court rules that the witness may answer the question as to whether he owed any other note to Mr. White, at any time, but the objection is sustained as to any conversation alleged to have taken place between the parties, it being admitted that Mr. Hines is dead.' To which ruling of the court the plaintiff duly excepted at the time.

"A. That is the only note that I ever owed Mr. White.

"Q. Did you at that time owe any other White any note except C. W. White?

"Plaintiff objects to the above question for the reason that the witness is incompetent to testify and for the further reason that V. M. Hines, the agent of C. W. White, is dead. The objection was overruled by the court, to which action of the court in overruling said objection plaintiff duly excepted at the time.

"A. No, sir."

The verdict and judgment were for the defendants. After an unsuccessful motion for a new trial plaintiff appealed.

The error assigned is that Snelson was an incompetent

witness.   He was an incompetent witness to testify to any con-
versation or transaction he had with Hines as agent of plain-
tiff concerning the note.   But he was a competent witness to
testify to any transaction he had with the plaintiff (he being
alive and competent to testify) about the note sued on and
was competent to testify that the note sued on was the only
note he ever executed to plaintiff.   The fact that his evidence
identified the note as the note which Hines must have referred
to in the conversation testified to by the Cunninghams, did not
go to Snelson's competency, for it is not shown that Hines
took the note as the agent of plaintiff or that he had any
connection with it except as agent or attorney of plaintiff for
its collection.   Orr v. Rode, 101 Mo. 387.

We think the defendant was a competent witness to give
the evidence he did give and affirm the judgment.   *Barclay*,
and *Goode, JJ.*, concur.