Bates v. Forcht.

session, and the decision was based on the section of the statute above quoted.

Judgment affirmed, in which all concur.

--------

BATES *et al.*, *Appellant*, v. FORCHT *et al.*

89  121
42a 297

89  121
110  588

89  121
115  596

89  121
132  259

89  121
71a 808

89  121
f162 122

89  121
166  633

89  121
97a ³270

1. **Promissory Note**: EVIDENCE. In an action by the indorsee of a promissory note made by a firm, upon the question whether or not the signature to the note was in the hand writing of a member of the firm, an article of the co-partnership agreement forbidding its members " to sign any bond or endorse any note of hand, or to accept, sign or indorse any draft or bill of exchange, or assume any other liability, verbal or written, either in his own name, or the name of the firm, for the accommodation of any other person or persons, without the consent, in writing, of the other partners," where it is not pretended the plaintiffs had any notice of the stipulation of the partnership contract, is not admissible in evidence.

2. ——— : ———. Evidence that the partner, who is claimed to have signed the note, was communicative with his partners and family as to his business affairs, and at no time prior to his death had mentioned the note sued on, is not competent to prove that he did not sign the note.

3. **Witness**: INTEREST DISQUALIFYING ONE TO TESTIFY: RULE AT COMMON LAW: STATUTE. Whatever the rule is at common law as to the interest of a witness disqualifying him to testify, it is superseded by Revised Statutes, section 4010, which declares that no person shall be disqualified as a witness by reason of his interest in the event of a suit as a party or otherwise.

4. ——— : REVISED STATUTES, SECTION 4010. Under said section (R. S., sec. 4010), in a suit on a note executed to a bank, the cashier of the latter, who was also a corporator and a stockholder, is a competent witness.

5. ——— : ———. Nor was the president of the bank incompetent to testify in said suit as to the execution and delivery of the note, because the member of the firm executing it was dead at the time of

Bates v. Forcht.

the trial. Revised Statutes, section 4010, is an enabling not a disabling statute.·

6. Practice: RIGHT TO OPEN AND CLOSE ARGUMENT. Where the execution of the note sued on is denied under oath, the burden of proving its execution is on the plaintiff, which entitles him to open. and conclude the argument.

*Appeal from Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

REVERSED.

*Dysart & Mitchell* for appellants.

(1) The proof was conclusive and uncontradicted that plaintiffs were holders of the note by indorsement before due for full value, and without notice of any infirmities, and unless the note was a forgery, the plaintiff ought to have recovered. (2) The stipulation of the articles of partnership read in evidence should have been excluded. It could not affect third parties without notice. (3) T. G. Sharp's habits, and his silence as to the note did not tend to prove, as against strangers, that he did not sign it, and the evidence on that point should have been rejected. (4) J. B. Melone was a competent witness, and his testimony as offered would have been conclusive as to the execution of the note. He was a competent witness, both at common law and, under the statute. 1 Greenl. on Evid., secs. 411, 416, 417 ; Morse on Banking [2 Ed.] 540-1 ;· R. S., sec. 4010 ; *Ring v. Jamison*, 66 Mo. 429 ; *Angell v. Hester*, 64 Mo. 142 ; *Hardwick v. Jones*, 65 Mo. 54. (5) The court committed error in giving instructions one and four for defendants. (6) The plaintiffs were entitle to open and close the case, and the court erred in allowing this privilege to the defendants. *Porter v. Jones*, 52 Mo. 399 ; *Boatman's Savings Inst. v. Forbes*, 52 Mo. 201 ; Starkie on Evidence [9 Ed.] side pages 600-1.

Bates v. Forcht.

*Charles P. Hess* and *Sears & Guthrie* for respondents.

(1) The court did not err in admitting the stipulation of the partnership. The fact that Sharp, the deceased, was under contract with his partners not to execute the note, was pertinent, and tended to show that he did not execute it. (2) The testimony of Sharp's partners and brothers as to the former's communicativeness in regard to his business, coupled with the fact that he had never mentioned to any one the existence of the note in question, although long prior to his death it was past due, was competent to show its non-execution by him. (3) The court rightly excluded the testimony of James B. Melone, who alone made the contract with Sharp, deceased, and was the president and corporator of the bank, the payee. *Williams v. Perkins*, 83 Mo. 379, 385; *Butts v. Phelps*, 79 Mo. 302; *Fulkerson v. Thornton*, 68 Mo. 468; *Goddard v. Williamson*, 72 Mo. Mo. 131.; *Angell v. Hester*, 64 Mo. 124; *Ring v. Jamison*, 66 Mo. 424; *Hisaw v. Sigler*, 68 Mo. 449. (4) Melone, being a stockholder in the bank, was incompetent as a witness. 1 Greenl. on Evid., sec. 333; Angell & Ames on Corp. [6 Ed.] 722, 725, 728; *Pack v. New York*, 3 N. Y. 489; *Cong. Soc. v. Perry*, 6 N. H. 164. (5) Defendant's first instruction was applicable to the issues made by the pleadings and facts in the case, and was properly given. 1 Daniel on Neg. Inst. [2 Ed.] 300. (6) The court committed no error in permitting the defendants to open and close the case. *Richards v. Manhattan*, 31 Mo. 518; *Porter v. Jones*, 52 Mo. 403.

Norton, J.—This action was brought to the May term, 1882, of the Macon circuit court, by petition in the usual form, on a note, of which the following is a copy :

"3,000.00.                    MACON, Mo., July 20, 1881.

"Four months after date, for value received, we promise to pay to the order of Macon Savings Bank, three thousand dollars, with 8 per cent. interest from maturity, the interest payable annually, and if not so paid, to become principal, and bear the same rate of interest.

·'Payable at the office of the Macon Savings Bank, Nov. 20, 1884.

"[Signed]           T. G. SHARP & Co.

"No. 7681."

Across the face was written:

"Protested for non-payment.

"Feb. 25, 1882.

"[Signed]           ELI J. NEWTON,
                     ."Notary Public."

On the back were the following endorsements:

"J. B. MELONE, P't.

"Interest paid to Feb. 22, 1882, $60.00."

Defendants, Wm. F. Forcht and John Shepherd, filed a joint answer, consisting (1) of a general denial, (2) a plea of *non est factum*, (3) a denial that plaintiffs were holders for value before due, (4) that no member of the defendant firm had any authority to execute the note, that the firm, nor any member of it, ever received any consideration for the same, (5) that Macon Savings Bank fraudulently caused said note to be executed, and was in truth and fact the makers thereof, and plaintiffs well knew that said bank represented and treated T. G. Sharp & Company as accommodation makers, and plaintiffs looked to said bank for payment, (6) that plaintiffs, when said note became due on November 20, 1881, without the knowledge or consent of Sharp & Company, for a valuable consideration, extended the time of payment of said note for four months, to-wit: Until February 22, 1882; (7) that on the sixteenth of Febru-

ary, 1882, said Macon Savings Bank failed, and is wholly insolvent.

This answer was properly sworn to by defendant, Forcht.

McGee, administrator of T. G. Sharp, answered separately, denied that the note was executed by Sharp, and alleged that if said note was executed by him it was executed solely for the accommodation of the bank, and that neither Sharp nor the firm of which he was a member, ever received the proceeds thereof, or consideration therefor ; that the total proceeds went to the Macon Savings Bank, and that plaintiffs took the note with full knowledge of these facts, and that the time for payment ment of said note had been extended without the consent of Sharp, or his firm.

Plaintiffs' replication to these answers was a general denial. On the trial judgment was rendered for the defendants, from which the plaintiffs have appealed.

On the trial plaintiffs made *prima facie* proof of the execution of the note by T. G. Sharp, one of the firm of T. G. Sharp & Company, and the note was then read in evidence, and Mr. Bates, one of the plaintiffs, then testified that his firm discounted the note sued on and purchased the same before maturity for a valuable consideration ; that the note was duly assigned by the Macon Savings Bank, for value, before due, by endorsement thereon, to his banking house of Bates, Lee & Company ; that the same was taken in due course of business, without notice or knowledge that it was an accommodation note, and without notice of any defect or infirmity whatever ; that the firm paid for said note its full face value, less a discount of seven per cent. After certain admissions being made as to plaintiffs being a banking firm, and as to the persons composing the firm of T. G. Sharp & Company, the plaintiffs rested, and defendants, after introducing ten or twelve witnesses to prove that the signature, " T. G. Sharp & Co.," to the

note was not in the hand writing of T. G. Sharp, offered in evidence the tenth section of their articles of partnership, which was received over plaintiffs' objection.

It is as follows : "Neither of said partnership members shall sign any bond, sign or endorse any note of hand, accept, sign or indorse any draft, or bill of exchange, or assume any other liability, verbal or written, either in his own name or the name of the firm for the accommodation of any other person or persons whatsoever, without the consent, in writing, of the other parties, nor shall either party lend any of the funds of the co-partnership in any manner whatever." It is not pretended that plaintiffs had any notice of this private agreement, and we know of no principle which authorized its reception in evidence ; it had no relation to the issue in the case ; was irrelevant and incompetent ; was calculated to mislead in this, that it might be argued from it that as Sharp had agreed not to sign the name of the firm to accommodation paper, that, therefore, he did not sign the note in question.

Error was also committed in the reception, over plaintiffs' objection, of the evidence of Wm. Forcht and John Shepherd, members of the firm of T. G. Sharp & Company, to the effect that T. G. Sharp was open and free to talk to his partners and his family about his affairs, and about what he owed, and that at no time up to his death had he ever mentioned the note sued on. Sharp's silence had no tendency to prove that he did not sign the note.

Plaintiffs, in rebuttal, introduced a number of witnesses to prove that the signature of T. G. Sharp & Company was in the handwriting of T. G. Sharp, and among them one, T. E. Sharp, the son of T. G. Sharp. His evidence was excluded on the objection of defendants that he was a stockholder, corporator and cashier of the Macon Savings Bank. In this we think the court committed error. Among the exceptions to the

common law rule, that a witness interested in the subject of the suit, is not competent to testify on the side of his interest, is the case of agents, carriers, factors, brokers, and servants, when called upon to prove facts done for their principals in the usual course of business. 1 Greenl. on Evid., secs. 411, 416. In the last section quoted it is said that, "A cashier or teller of a bank is a competent witness for the bank, to charge the defendant on a promissory note, or for money lent or overpaid or obtained from the officer without the security which he should have received, and even though the officer has given bond to the bank for his official good conduct." But whatever the rule is at common law as to the interest of a witness disqualifying him, it is superseded by section 4010, Revised Statutes, which declares that no person shall be disqualified as a witness by reason of his interest in the event of a suit as a party or otherwise. The rejected evidence was clearly competent under our statute, if not under the rule at common law.

Plaintiffs also introduced J. B. Melone, who, on his examination, stated that at the time the note was executed, he was president of the Macon Savings Bank, the payee in the note, and a large stockholder; that no one was present at the execution of the note except himself and T. G. Sharp, deceased; that neither of the other defendants knew of the transaction, and that he did not know John Shepherd and W. F. Forcht were the "Company," but supposed T. E. Sharp was. Plaintiffs then offered to prove by him the execution, delivery and endorsement of the note, and signature of Sharp, to which defendants objected on the ground that Sharp was dead, which objection the court sustained. This ruling was erroneous. If, as stated by Greenleaf on Evidence, *supra*, and Morse on Banks & Banking, 540-1, that: "It may now be laid down in general terms that the officer or agent of the bank is a competent witness in its behalf, even concerning a transaction which he himself

conducted, or in which he was interested or engaged,'' then section 4010, Revised Statutes, which is relied on to sustain the ruling, has no application, inasmuch as it was not the purpose of said section to disqualify witnesses who were qualified before its enactment, but on the contrary, to qualify witnesses who, but for the statute, would be disqualified. It is an enabling and not a disabling statute. Suppose that Melone, the president of the bank with whom the transaction is alleged to have been had, had died instead of Sharp, and Sharp & Company had been sued on the note, and issue had been joined as to its execution, and Sharp had offered himself as witness to disprove the signature, could the death of Melone, the mere agent of the bank, have been successfully interposed against the reception of his evidence? We think not.

It is also insisted that the court erred in allowing defendants to open and close the case in argument to the jury. The execution of the note having been denied under oath, the burden of proving its execution rested on plaintiffs, which ought to have entitled them to open and close the argument. *Porter v. Jones*, 52 Mo. 403; *Boatmen's Savings Institution v. Forbes*, 52 Mo. 203.

As the cause will be remanded, it is proper to add that the chief issues involved are, first, as to the execution of the note, and second, whether, if executed, it was accommodation paper, and taken by plaintiffs in due course of business, without notice or knowledge of this fact. If the note was not executed by Sharp, one of the partners of T. G. Sharp & Company, defendants are not liable. If executed by him and the note was an accommodation note, and was taken by plaintiffs before maturity, with notice or knowledge of that fact, then plaintiffs cannot recover, but if it was executed by said Sharp as accommodation paper, and was taken by plaintiffs for value before due, without notice or knowledge of that fact, then the defendants are liable. As

the instruction number one given for defendants did not relate to either of these issues, and was misleading, it ought not to be given on the re-trial of the cause.

Judgment reversed and cause remanded, in which all concur.