Williams v. Edwards.

WILLIAMS, *Superintendent of Insurance, Appellant,* v. EDWARDS.

1. **Practice**: CONTRACT WITH CORPORATION SINCE DEFUNCT: TESTIMONY OF OTHER CONTRACTING PARTY. One who contracted with a corporation is not disqualified from testifying with regard to the transaction because of the dissolution of the corporation. The statute refers to natural death and not to defunct corporations. (R. S., sec. 4010).

2. **Principal and Agent**: DECLARATIONS OF AGENT, WHEN ADMISSIBLE. The admissions, declarations, and acts of the agent of an insurance company, with reference to the surrender of a life policy held in the company and the satisfaction of a deed of trust, are not admissible in evidence against the corporation unless it be first shown that he had authority to bind the company with reference to such matters.

3. **Practice**: EVIDENCE: TESTIMONY OF SURVIVING PARTY TO CONTRACT WITH AGENT OF CORPORATION. One who contracts with the authorized agent of a corporation is not a competent witness as to such contract, or the admissions and declarations of the agent after the latter's death.

*Appeal from Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

REVERSED AND REMANDED.

*W. S. Relfe* and *John T. Jones* for appellant.

(1) The whole matter was submitted to a jury against the objectoin of plaintiff. (2) Defendant,

Edwards, was incompetent as a witness for any purpose. 41 Mo. 514; 54 Mo. 121; 62 Mo. 432; 64 Mo. 168; 68 Mo. 72; 66 Mo. 429; 1 Whart. Evid., sec. 469; 66 Pa. St. 303; 39 Vt. 596; 4 Allen [Mass.] 206; 102 Mass. 533. (3) Sharp is not shown to have been the authorized agent of the insurance company to make any settlement with defendant. Greenl. Evid., sec. 114; 66 N. Y. 483; 53 Ga. 395; 73 Ill. 348; 14 Kan. 273; 6 Cush. 93; 77 N. C. 271; 61 Ala. 139; 22 Kan. 639. (4) The superior and prior equity is in plaintiff and not defendant. 49 Mo. 250; Wade on Notice, 30; 35 Mo. 71; 11 Ky. 367; 21 Mo. 312; 12 Allen, 397; 17 Mass. 419; 2 Day, 151; 15 Conn. 1; 73 Mo. 289.

*Eli J. Newton* and *Dysart & Mitchell* for respondent.

(1) It was proper to submit the whole matter to a jury, even if the answer had raised an equitable defence. *Wolf v. Schaeffer*, 4 Mo. App. 367; s. c., 74 Mo. 154; *Moline Plow Co. v. Hartman*, 84 Mo. 610. Besides, the record shows no objection to a jury, and the point is not made in the motion for new trial or in arrest. (2) The objection, that Edwards was not a competent witness, was not specifically brought to the attention of the trial court, either by the motion for new trial or in arrest. Defendant was clearly a competent witness. R. S., sec. 4010; *Bates v. Forcht*, 89 Mo. 121; *Bradley v. West*, 68 Mo. 69; *Hilton v. Newman*, 6 Mo. App. 304. (3) This point, that Sharp was not the authorized agent of the company, is not made in the motion for a new trial or in arrest. It only goes to the weight of evidence which this court will not consider. The evidence on this point is not set out in the abstract, nor any part of it. The abstract fails to set out any of the evidence on the issue of payment, and this court cannot say there was no evidence to sustain the verdict.

SHERWOOD, J.—Ejectment for land in Macon county. . Answer of defendant, a general denial, and to the effect that the note secured by the deed of trust given by him, and under which the land was sold, had been satisfied prior to the sale ; and there was a prayer asking that the deed of trust be declared satisfied, the deed of the trustee made by virtue thereof to the St. Louis Life Insurance Company, and the deed to the Life Association of America be set aside, etc., and for other and further relief.    Reply puts in issue the allegations of the answer, as to payment, etc.

The cause came on for hearing, and plaintiff's title papers were regular in every respect, consisting of : (1) Deed of trust from C. S. Edwards to Thos. A. Russell, trustee of Mound City Mutual Life Insurance Company, dated June 30, 1870, and recorded July 2, 1870, in book 12, at page 14.    (2) Thos. A. Russell, trustee, to St. Louis Life Insurance Company, trustee's deed, sale made as authorized in said deed of trust ; dated June 20, 1874 ; recorded June 23, 1874, in book 19, page 383. (3) Charter of Columbia Life Insurance Company, successor to St. Louis Life Insurance Company, dated January 29, 1876.    (4) Columbia Life Insurance Company to Life Association of America, warranty deed, dated February 6, 1877 ; recorded February 19, 1877, in book 27, page 54 ; consideration, twelve hundred dollars. (5) Decree of the circuit court of St. Louis adjudging said Life Association of America insolvent, and appointing the superintendent of insurance department receiver thereof.    It was admitted that John F. Williams is such superintendent.    And there were admissions made by the parties litigant that showed the paper title to the premises was in the plaintiff.

On his part, the defendant in his testimony

admitted the execution of the deed of trust above described, but claimed that prior to the sale thereunder he had made a settlement with T. G. Sharp, who was then agent of the Mound City Life Insurance Company, authorized to solicit insurance for said company. That the arrangement with said Sharp was, that defendant was to surrender a life policy he held in said company, in full payment and satisfaction of said deed of trust; that Sharp afterward told him it was all right, and he might rest easy; thought his talk with Sharp about a settlement was in 1873; that Sharp had been dead more than a year; that he never received any release of any kind from the insurance company, and paid no further attention to the matter after his talk with Sharp; told Sharp to do the best he could for him; never got his note and paid no further attention to it. After this conversation with Sharp, he never asked for a release from the company, never took up his notes, nor took the pains to ascertain whether satisfaction was entered on the margin of the record of the deed of trust. The records of the insurance company, offered in evidence by plaintiff, in rebuttal, showed that the settlement testified to by defendant, only went to the extent of his surrendering his old life policy, in exchange for a paid-up policy, issued to him for three hundred and seventy-five dollars; and did not include his principal note for five hundred dollars, and interest notes secured by the deed of trust; and it seems difficult to understand how the jury could allow this unaided, uncorroborated testimony of the defendant, vague and inconclusive as it was, to countervail that offered by the plaintiff, as aforesaid.

I. Objection was taken to the defendant testifying, because the Life Association of America *was dead* and in the hands of a receiver. This point is too frivolous for discussion, the statute only refers to *natural* death, death of *persons*, and not to *defunct corporations*.

II. Objection was also taken to the defendant testifying as to conversation had with Sharp, on the ground that it was not shown as a preliminary step to the admission of his conversations, declarations, and agreements that he had any authority to bind the company in regard to the matters detailed in the testimony of the defendant. As there was no such foundation laid of agency or authority on the part of Sharp, this objection was well taken. 1 Greenl. Evid., sec. 114.

III. Further objection was made to the defendant testifying as to conversations had with Sharp, on the ground that Sharp, according to the testimony of the defendant, was the "*contracting agent*" of the corporation, and that, he being dead, the defendant was not a competent witness as to any admissions, declarations, or contracts he may have made. According to the rule laid down by Wharton, this point was valid. That writer says: "Under statutes which exclude the surviving party to a contract, the death of a contracting agent excludes the surviving party who contracted with him." 1 Whart. Evid., sec. 469. This principle is recognized in *Stanton v. Ryan*, 41 Mo. 510, where surviving partners brought an action, *quantum meruit*, and the defendant set up a special contract made by a deceased partner as agent of the firm; the surviving partners were permitted to testify touching the facts constituting their cause of action, and so also was the defendant in rebuttal; but he was not permitted to testify respecting the special contract, which if enforced would have defeated the action of the plaintiffs; and this ruling was affirmed, Wagner, J., remarking: "The suit was not instituted on the contract, it was denied that any contract existed; the surviving plaintiffs knew nothing about it; and to permit Ryan, by his own testimony, to come in and set it up and prove its terms, when Stanton's lips were sealed by death, and could

not be there to contradict, qualify, or explain his statements, is at war with justice, and certainly not authorized by law."

The same doctrine was announced in *Butts v. Phelps*, 79 Mo. 302, where the facts sought to be introduced in evidence were virtually the same as in the former case. The object of the statute is to guard against false testimony by the survivor, and in order to do this, it establishes a rule of mutuality by which, when the lips of one contracting party are closed by death, the lips of the other party are closed by law. And this principle remains unaltered as well where the contracting agent of a corporation dies, as where the contracting agent of a firm dies; and the dangers and the mischiefs of any other rule would be as great in the former as in the latter case. A corporation can only speak and act through agents; the agent represents the corporation, and if, after the death of an agent of a corporation, it were admissible for a party to come in and testify to a contract made with such deceased agent, testify to facts unknown to the corporation or any of its other agents, it is easy to see that corporations would be without protection where others, in like circumstances, are fully protected. I believe the statute in theory and in reason is broad enough to include within its beneficent provisions, the contracting agent of a corporation, as well as the contracting agent of a firm.

For the errors aforesaid, the judgment is reversed and the cause remanded. Ray, J., absent; the other judges concur.