MILLER *et al.* v. WILSON, *Administrator, Appellant.*

### Division One, December 22, 1894.

1. **Deed of Trust**: NOTES: PAYMENT: NOVATION. A sold land to B,. taking back a deed of trust to secure the purchase money. Subsequently B sold to plaintiffs, who also executed to B a deed of trust to secure the purchase money due him. The evidence showed that one H was A's agent for collecting rents; that through him both sales had been negotiated; that H was authorized by A to collect for his use the notes executed by plaintiffs; that the money was collected by H, and it was agreed it should be regarded as payment of the notes executed by plaintiffs. *Held,* that plaintiffs were entitled to have the note in suit (on which H had failed to pay to A the money collected for him). declared satisfied and canceled.

2. **Witness**: DEATH OF ONE OF CONTRACTING PARTIES: AGENT. Under Revised Statutes, 1889, section 8918, providing that where an administrator is a party to an action, the other party shall not be admitted to testify in his favor unless the contract in issue was originally made with a person who is living and competent to testify, the plaintiff in an action to cancel a deed of trust may testify as to transactions. regarding said deed had with the agent of defendant's intestate.

*Appeal from Jackson Circuit Court.*—HON. J. W. HENRY,. Judge.

AFFIRMED.

*Karnes, Holmes & Krauthoff* for appellant.

(1) Plaintiff Miller was not a competent witness.. R. S. 1889, sec. 8918; *Randall v. Randall,* 64 Vt. 419. (2) Under the evidence defendant was entitled to a decree dismissing the petition. (3) The evidence does not support the basic allegation of the petition that Hall made an arrangement with Towne to collect the money as it became due from the plaintiffs for Cochran, and that said money, when so collected, should be pay--

ments on said Towne notes, and that Cochran was fully informed of said arrangements and sanctioned and rat-ified the same.

*J. W. Jenkins* for respondents.

(1) Hall was the agent of both Cochran and L. W. Towne. The testimony shows that he acted as such and that they both, with a full knowledge of all the facts, adopted and ratified every act, except embezzling their money and absconding. As to appointment, see Mechem on Agency (1889), sec. 81; as to ratification, see *Ibid.*, sec. 146; as to estoppel, see *Ibid.*, sec. 84. (2) Mrs. Miller was a competent witness. The transactions to which she testified were all had with Hall, the trustee and agent of Cochran. *Orr v. Rode*, 101 Mo. 387; *Ward v. Ward*, 37 Mich. 253. (3) Cochran's conduct, throughout the whole of these transactions, estops the defendant from denying that Hall was authorized to receive the money for Cochran. The trial court found the facts in favor of the plaintiffs, and the finding is sustained by the evidence, and this case is clearly within the rule where this court will not disturb the finding of the trial court.

MACFARLANE, J.—The suit is in equity to cancel and declare satisfied a certain deed of trust, which will be more particularly described.

On the first day of September, 1886, one Samuel Cochran sold and conveyed to L. W. Towne lots 119, 120, 121 and 122 in Garfield Park, in Kansas City. To secure two notes each for $387, a part of the purchase price, the said Towne executed and delivered to the said Cochran a deed of trust on said lots, which was duly recorded.

On the nineteenth of October, 1886, Towne sold and by deed of general warranty, conveyed said lots

120, 121 and 122 to plaintiff, Maria E. Miller, and took back from her a deed of trust to secure two notes for $400 each, a part of the purchase price. On the same day the said Towne sold, and by general warranty deed conveyed, lot 119 to the two plaintiffs, jointly, and took back a deed of trust from them on the same lot to secure two notes for $125 each, a part of the purchase price of the lot. Neither of these plaintiffs at the time had actual knowledge of the prior deed of trust on the same lots given by Towne to Cochran.

Both these sales were made by one W. T. Hall as agent for the vendors. The notes given by plaintiffs were placed by Towne in the hands of the said Hall as agent with authority to collect them when due, and instructions to apply the collections made in payment of his notes to Cochran and in satisfaction of the prior deed of trust. Plaintiffs afterwards learned of the prior deed of trust, but were at the same time advised of the instructions given to Hall and were satisfied. Plaintiffs paid to Hall under this arrangement, at different times, sums aggregating $869. With the money so collected Hall paid one of the notes due Cochran, but neglected to pay the other. Cochran died in November, 1889, and defendant, Wilson, is his administrator.

Subsequent to the death of Cochran plaintiffs paid Hall $50, which amount was paid over to defendant and credited on the remaining $387 note. This is the only credit on said note, and defendant, as administrator of Cochran, holds the note and claims the security of the prior deed of trust. The truth of these facts is not contested.

Plaintiffs claim that the note is paid in full, and that they are entitled to have the deed of trust satisfied for the reason, as they charge in their petition:

"That said Hall was the duly authorized agent of said Cochran to collect the purchase price of said lots from said Towne, and of the said Towne to collect the said notes due from the plaintiffs. That at the time of the said sale to these plaintiffs, the said Hall (as these plaintiffs have since learned) made an arrangement with said Towne to collect the money as it became due from the plaintiffs, for the said Cochran, and that said money when so collected should be payments on the said Towne notes. That said Cochran was fully informed of said arrangements and sanctioned and ratified the same, and the payments subsequently made by these plaintiffs to the said Hall were so applied to the payment of the first of said Towne notes and the same was surrendered to said Towne by said Hall (as these plaintiffs have been since informed)."

Defendant by answer admitted that he was administrator of Cochran as charged, but denied all other allegations of the petition.

The court found the issues for plaintiffs and entered a decree satisfying the deed of trust, and defendant appealed.

It will be readily seen that the only issue of fact to be determined is whether Cochran was a party to, or acquiesced in, the arrangement between Towne and his agent Hall, that the money collected from plaintiffs by Hall should be credited upon the notes from Towne to Cochran. Defendant insists that there was no sufficient evidence to establish that fact.

It is undoubtedly true, as contended by counsel, that no agreement made between the plaintiffs, Towne and Hall would be binding on Cochran, unless he affirmatively agreed that Hall should receive the payments from plaintiffs for him, as payment on the notes he held against Towne. The other parties had no power, without his consent, to substitute one debtor

for another.   Mere knowledge of the arrangement and receipt of the money when collected, and a credit thereof on the Towne note would not alone bind him to the arrangement or estop him to deny it.   It was a matter of indifference to him how Towne raised the money with which to discharge the deed of trust.   He had the right to retain his security until his debt was paid.   If, on the other hand, he agreed that the money paid to Hall by plaintiff should be received for him then plaintiffs would be entitled to have it applied in satisfaction of the deed of trust.   If he so agreed Hall became his agent, and, as between himself and plaintiffs, a payment to his agent would be equivalent to a payment to himself.

The evidence offered in proof of the agency should be considered and weighed in the light of all the circumstances surrounding the parties and their business relationship to each other.   It appears that Hall was a real estate agent, and through him the sale by Cochran to Towne was effected.   He was also trustee in the deed of trust from Towne to Cochran.   He was consulted by Cochran about business matters. . He did not charge Cochran full commissions for making collections.   He was Cochran's agent for collecting rents.   He and his partner in business were looked to for the collection of the Towne note.   Now, in view of these facts, it is evident that Cochran, who lived in Leavenworth, Kansas, and transacted part of his business through agents, had perfect confidence in the capability and integrity of Hall.

In these circumstances the parties, plaintiff (Mrs. Miller), Cochran and Hall, met.   What occurred there is detailed by witness D. R. Towne, who was a partner of Hall.   This witness, on cross-examination, being asked to state as accurately as he could what was said, answered:

"It was just about this way: Mr. Cochran had been speaking to me about these notes of L. W.'s, and I says, 'Mr. Cochran, L. W. has nothing to do with the paying of those notes. He is not paying those notes. Those notes are for Mrs. Miller and Mrs. Toohey to pay.' Then Hall spoke up and says, 'Mrs. Miller couldn't pay it quite then, and wanted a little time on it.' It seems Mr. Cochran didn't understand the condition of the thing until he spoke to me about it. And then he says to Mr. Hall, 'Well, we wont crowd her; she can pay you as fast as she gets it.' That was the understanding; I aint positive that that is what he said; but am almost positive that is what he said; that they would not crowd her, and let her pay out. Nearly all of our conversations have been with Mr. Hall. Mr. Cochran would always bring down a note before it was due. He would give it to Mr. Hall a day or two before it was due."

On direct examination the witness stated that the conversation was introduced by Cochran asking why Towne did not pay his notes. He further stated that one of the Towne notes was afterwards paid off by Hall with money he had collected from plaintiffs.

We have no doubt, under the testimony of this witness, that Cochran was fully advised of the arrangement previously made by the other parties that the money collected from plaintiffs should be regarded as a payment on the Towne notes. When, after this understanding, Cochran said to Hall in the presence of plaintiff Mrs. Miller: "Well, we won't crowd her. She can pay *you* as fast as she gets it," we think full authority was given Hall to collect money from plaintiffs for his use, and that the payments thereafter made by plaintiffs to Hall should be treated as payments to Cochran.

The deed of trust was a charge upon plaintiffs'

land. They had a deed from Towne containing covenants against incumbrances. They had the right to
pay the Towne notes and demand a credit on their
notes to him for the amount. It would be grossly
unjust, after Cochran had directed Hall to collect from
them, to refuse them credit for what they paid. We
are of the opinion that the chancellor arrived at a
proper conclusion under the evidence.

Objection was made to the competency of plaintiff
Mrs. Miller, who was called as a witness in her own
behalf, on the ground that Cochran, one of the original
parties to the contract and cause of action in issue, was
dead. The court held that she was competent to testify
"as to transactions between Cochran's agent and herself." This ruling of the court is assigned as error.

The statute declares "that in actions where one of
the original parties to the contract or cause of action in
issue and on trial is dead   *   *   *   the other party to
such contract or cause of action shall not be admitted
to testify" in his own favor,   *   *   *   "and where an
executor or administrator is a party, the other party
shall not be admitted to testify in his own favor, unless
the contract in issue was originally made with a person
who is living and competent to testify." R. S. 1889,
sec. 8918. Counsel claims that under these provisions
plaintiff was incompetent to testify for any purpose.

Plaintiff was only permitted to testify as to transactions had with Hall as the agent of the deceased party.
It was not shown that the agent was not living, or incompetent. "The object and spirit of the statute is to
place parties upon an equality, so that one party shall
not be permitted to testify to transactions cognizant to
both, when the other can no longer be heard. *Coughlin v. Haeussler*, 50 Mo. 126. This rule of construction
has ever been applied to this statute. *Orr v. Rode*, 101
Mo. 398; *First National Bank v. Payne*, 111 Mo. 298,

and cases cited; *Williams v. Edwards*, 94 Mo. 447; *Stanton v. Ryan*, 41 Mo. 510.

The circumstances of this case demand the application of the just and equitable rule above quoted. In *Williams v. Edwards*, *supra*, it was held that if the agent, with whom the contract was made, was dead, the other party was excluded as a witness under the statute. For the same reason, if the party for whom the agent acted was dead, and the agent was living, the other party would be a competent witness. In *Stanton v. Ryan*, 41 Mo. 510, it was held that if one member of a partnership firm was dead, the other party to a contract in issue would only be excluded from testifying in regard to transactions had with the deceased party. The reasoning of the court in the case of *Orr v. Rode, supra*, would admit the testimony of plaintiff in this case to the matters about which the court permitted her to testify.

The truth or falsity of the facts testified to by plaintiff was within the knowledge of the agent. Cochran had no cognizance of them. No advantage was given plaintiff over the defendant by permitting her to testify. Hall's agency and the payments made by plaintiffs to him as such, were expressly put in issue by the pleadings. Hall was competent to testify in behalf of defendant. The court did not commit error in admitting the evidence. Judgment affirmed. All concur.