### BANKING HOUSE OF WILCOXSON & COMPANY v. ROOD, *Administratrix, Appellant.*

#### Division One, January 28, 1896.

1. **Evidence:** DECEASED PARTY: COMPETENCY OF WITNESS: CORPORATION: STOCKHOLDER. Where a stockholder of a corporation acts as its agent in the execution to it of a note by a person since deceased, he is not competent, under Revised Statutes, 1889, section 8918, in a suit on such note to testify to the fact of the deceased having signed it, nor to any other fact connected with the negotiation.

2. ———: ———: ———. Such witness may, however, testify from his personal knowledge or as an expert to the genuineness of the signature of the deceased.

3. ———: CROSS-EXAMINATION: WAIVER. An answer to a direct question asked on cross-examination is competent against the party asking it, even though the witness was himself incompetent to testify on the subject-matter of the examination.

*Appeal from Carroll Circuit Court.*—HON. W. W. RUCKER, Judge.

REVERSED AND REMANDED.

*Pattison & Sebree* for appellant.

(1) The Wilcoxsons being stockholders, and the officers of the plaintiff corporation, were not competent witnesses. R. S. 1889, sec. 8918. (2) Witnesses who would be benefited by their testimony are as equally

incompetent as if they were parties to the record. *Meier v. Thieman*, 90 Mo. 334. (3) Any other rule would give litigants interested in a corporation an undue and unfair advantage over any other individual, and would constitute them a highly privileged class. Corporations are defined to be individuals. R. S. 1889, sec. 6568; *Shockley v. Fisher*, 75 Mo. 498. The case of *Bates v. Forcht*, 89 Mo. 121, does not militate against this view, for the reason that that case is not applicable to the case at bar. In the *Bates* case, the bank, from which the plaintiff derived title, was not a corporation, but a mere partnership, and there being surviving members of the partnership, to which Sharp, the dead man, belonged, preserved fully the equality between them, notwithstanding the death of Sharp, one of the copartners. (4) Corporations can, of necessity, contract only by, and through, their agents, and in this sense a stockholder is an agent as effectually as one acting for it, and having no beneficial interest in the property of the corporation. The contract of executing the note in suit, while virtually in the name of the ideal plaintiff, was really made with the Wilcoxsons theoretically, as agents of plaintiff corporation. And suppose, in such event, the Wilcoxsons, in this case, were each or all dead, Rood, if alive, would be an incompetent witness. *Williams v. Edwards*, 94 Mo. 447. Certainly the converse is true that if the principal on one contracting side should be deceased, the contracting agent on the other side is incompetent by analogy and comparative reasoning. *Vide*, 94 Mo., *supra*. It can not be successfully contended, that if the note in suit had been made payable to the Wilcoxsons, individually, that either would be competent to testify in the circumstances of this case. Now, the title to the note in suit was derived to the plaintiff corporation by the acts and consent of the Wilcoxsons, hence the Wilcoxsons are

incompetent to testify in the cause, under the amendment to Revised Statutes, 1879, section 4010, and Revised Statutes, 1889, section 8918. See Laws, 1887, page 287. This amendment was evidently designed to obviate whatever force and effect the decision in 89 Mo., *supra*, may import. *Leeper v. Taylor*, 111 Mo. 313; *Ford v. O'Donnell*, 40 Mo. App. 63. (5) J. I. Wilcoxson, the affiant, in support of the claim in the probate court, does not disclose his agency or authority to make the affidavit, nor does he state in the affidavit that he had any peculiar or special knowledge of the transaction. See R. S. 1889, sec. 195. It will not be contended, probably, by counsel for respondent, that this section was ever substantially complied with. The affidavit required by this section is jurisdictional. The lower courts had no jurisdiction to allow this claim upon such a defective affidavit. *Peter v. King*, 13 Mo. 102; *Baldwin v. Whitcomb*, 71 Mo. 651.

*Hale & Son* for respondent.

(1) James M. and Harrison Wilcoxson were competent witnesses notwithstanding they were stockholders in the bank. *Bates v. Forcht*, 89 Mo. 121. (2) The affidavit filed in the probate court with the claim is sufficient; if defective, a motion filed in the probate court and directed against the defect would have been the proper remedy.

MACFARLANE, J.—Plaintiff, a banking corporation, presented to the probate court for allowance against the estate of N. P. Rood, deceased, a note for $515. On appeal to the circuit court plaintiff recovered judgment and defendant appealed.

On the trial James M. Wilcoxson and Harrison Wilcoxson, both stockholders in the bank, the former its cashier and the latter its president, were permitted

to testify as witnesses. Defendant objected to their competency on the ground that they were both interested in the result of the suit, and Rood, the other party to the note, was dead. These witnesses testified that the name signed on the note was the proper signature of deceased, and also that they saw him write it.

In the opinion of the Kansas City court of appeals, to which the appeal was first taken, these witnesses were incompetent to testify to any fact on account of their interest, but one of the judges being of the opinion that the decision is in conflict with the decision in the case of *Bates v. Forcht*, 89 Mo. 121, the appeal was certified to this court.

There can be no doubt that these witnesses would have been incompetent under the general rule at common law. The rule is correctly given in the opinion of the court of appeals, which is sustained by the authorities therein cited. In that opinion ELLISON, J., says:

"At common law whoever had a legal, direct, and certain interest in the event of a cause, however small the interest was, or an interest in the record for the purpose of evidence, was disqualified. Starkie Ev., 23, 24; 1 Greenleaf Ev., sec. 386; *Nichols, Shepard & Co. v. Jones*, 32 Mo. App. 665. Stockholders in a bank have a direct and certain interest in the result of the litigation in which the bank may be engaged, and they have never been considered competent witnesses at the common law. Starkie says, page 131, that 'previously to the passing of this statute [Lord Denman's act] in an action by or against a corporation or other body, the members of which were not mentioned by name on the record, a member having any private interest in the result was not competent as a witness on behalf of the body on account of that interest.' Phillipps on Ev., volume 1, page 39, says: 'The same

principles which render parties to the record incompetent, when suing or sued in their individual capacities, were formerly held [prior to Lord Denman's act] to apply to members of a corporation suing or sued in its corporate name.' *Meighen v. Bank*, 25 Pa. St. 288, and cases cited; *Maysville v. Shultz*, 3 Dana, 13; *Methodist Church v. Wood*, 5 Ohio, 285; *Grayble v. York, etc., Turnpike Co.*, 10 Serg. & R. 273; *Bank v. Ridgely*, 1 Harr. & Gill. 408; *Bank v. McWilliams*, 2 J. J. Marsh. 260.''

A class of cases excepted out of the general rule, on the ground of convenience and necessity, "is that of agents, carriers, factors, brokers, and other servants, when offered to prove the making of contracts, the receipt or payment of money, the receipt or delivery of goods, and other acts done within the scope of their employment." 1 Greenlf. Ev., sec. 416.

Under this exception the opinion in the *Bates* case, *supra*, includes a cashier and teller of a bank, and holds that at common law they were competent witnesses "to charge the defendant on a promissory note, or for money lent or overpaid or obtained from the officer without the security he should have received." It is questionable, as seen, whether the exemption would apply at common law in case the cashier was also a stockholder in the corporation and directly interested in the result of the litigation. "But," says the court, "whatever the rule is at common law as to the interest of a witness disqualifying him, it is superseded by section 4010 [now sec. 8918], Revised Statutes, which declares that no person shall be disqualified as a witness by reason of his interest in the event of a suit as a party or otherwise. The rejected evidence was clearly competent under our statute, if not under the rule at common law."

As the witness in the *Bates* case was not only the cashier of the bank, but also a stockholder therein, it is clear that the opinion of the court of appeals is directly in conflict with that decision.

But counsel challenge the correctness of the decision in *Bates v. Forcht,* and claim that it is not consistent with subsequent decisions of this court.

The statute declares that no person shall be disqualified as a witness in any civil suit by reason of his interest in the event of the same as a party or otherwise, "*provided,* that in actions where one of the original parties to the contract or cause of action in issue and on trial is dead    *    *    *    the other party to such contract or cause of action shall not be admitted to testify."

This court has ever undertaken to conform its decisions to the spirit rather than to the strict letter of this statute. *Orr v. Rode,* 101 Mo. 398. The primary object and purpose of the law, evidently, was to remove the disabilities by which parties to the record and parties interested were at common law rendered incompetent to testify. The exception was intended to prevent the injustice that would arise in permitting one party to the contract or cause of action to testify when the lips of the other are sealed in death. This equitable construction has been applied in a variety of cases. *Stanton v. Ryan,* 41 Mo. 510; *Williams v. Edwards,* 94 Mo. 447; *Orr v. Rode, supra*; *Leach v. McFadden,* 110 Mo. 587; *Bank v. Payne,* 111 Mo. 296; *Miller v. Wilson,* 126 Mo. 54.

It will be observed that the *proviso* does not exclude the testimony of one party in interest when the other party in interest is dead, but confines the exclusion to a party to the contract or cause of action, while the body of the statute removes the disability of a person caused by his interest in the suit. The exclusion

of the proviso is not as broad as the inclusion of the body of the act.

Hence, an examination of the cases will show that a "party to the contract" has been construed to mean the person who negotiated the contract rather than the person in whose name and interest it was made. Thus though one party in interest be dead the other party will be a competent witness if the contract in issue was negotiated by an agent of deceased who is living at the time of the trial. *Miller v. Wilson, supra.* If both parties to a contract be living, one of them will not be permitted to testify, if the agent who acted for the other is dead. *Williams v. Edwards, supra.* If one member of a partnership be dead, the other party to a partnership contract would only be excluded from testifying to transactions with the deceased partner. *Stanton v. Ryan, supra.* A principal in a bond, though not a party to the suit against his sureties, is not a competent witness to prove payments to an agent of plaintiff who is dead. *Leach v. McFadden,* 110 Mo. 588.

It will be seen from these decisions that the statements or *dicta* found in some of the decisions that when one party to a contract or cause of action is dead the common law is in full force as to the competency of the survivor as a witness in his own behalf, is not strictly correct under all circumstances. His interest does not exclude him as at common law. He is excluded because he and deceased are both parties to the contract or cause of action.

The declarations in the *Bates* case, therefore, that no person is disqualified as a witness by reason of his interest in the event of the suit, under the construction given the statute by this court, is not open to the criticism counsel makes against it. The witnesses in that case testified that the name written upon

the note was the signature of deceased. The testimony was to an independent fact, which was in no manner connected with the transaction upon which the attempt was made to charge the firm of which deceased was a member.

In a case somewhat analogous this court, speaking through BRACE, J., said: "They [the witnesses who were interested in the suit] were permitted to testify merely to a physical fact, the existence of which was independent of any and all contracts between the parties, a fact not peculiarly within the knowledge of the defendants and any agent of the bank, arising from a transaction between them and such agent, but of which they obtained cognizance by their sense of sight, and which was open to the cognizance of any other witness to whom an opportunity was afforded at the time, of inspecting the note in suit, and concerning which one of the plaintiff's officers, who had such opportunity, testified, and but for whose evidence as to such fact the plaintiff would have made out no case against the defendants." *Bank v. Payne, supra, loc. cit.* 298, 299.

Our conclusion, therefore, is that the stockholders of a corporation are not incompetent, on account of interest, to testify as witnesses in a case involving a contract with the corporation, though the other party to the contract be at the time dead. His competency depends upon the character of the evidence offered. He will be incompetent to testify in regard to transactions and negotiations between himself as agent of the corporation and deceased. In regard to independent facts he will be competent.

It follows that the witnesses were competent to testify to the genuineness of the signature from their knowledge of it, or as experts.

Whether they were competent to testify that they saw deceased sign the note, would depend upon circum-

stances.    Signing the note by deceased was a part of the transaction which resulted in the contract in issue and the agent of the corporation who conducted the negotiations, whether a stockholder or not, could no more testify to that fact than to any other fact connected with the negotiation.

It does not expressly appear with which officer of the bank deceased dealt in making the contract which is the basis of this suit.    The circumstances are sufficient to admit of the inference that it was with the cashier.    This witness only testified in chief that the name written on the note was the signature of deceased. The court refused to permit him to testify that the note was a renewal of one then held by the bank.    The evidence of the witness that he saw deceased sign the note was called out by a direct question put to him on cross-examination.    Defendant is not in a situation to complain of the answer he himself invoked.    Especially is this so as no exception was taken to the answer.

It does not appear what, if any, part Harrison Wilcoxson took in the negotiations which resulted in making the note in suit.    He was an officer of the corporation and was present in the bank at the time his testimony tends to prove the note was made.    Presumably he had power to make the contract.    His competency depends upon the part he took in making it. As the trial court held him competent for all purposes prejudicial error may have been committed.    We think, therefore, that the case should be retried in accordance with the views herein expressed.    The judgment of the circuit court is reversed and the cause remanded.