ANDY KUHN, Administrator, Appellant, v. GERMANIA LIFE INSURANCE COMPANY, Respondent.

Kansas City Court of Appeals, May 17, 1897.

1. **Witnesses:** DEATH OF OTHER PARTY: OFFICER OF CORPORATION: COMMON LAW. The officer of a corporation was a competent witness in its behalf at common law, and the statute, section 8918, Revised Statutes 1889, is an enabling, and not a disabling, statute and does not render such officer incompetent even though he be a stockholder as well as an officer; and he may testify to all independent facts in controversy though not as to negotiations between himself and the deceased.

2. **Evidence:** IRRELEVANT: EXCLUSION. Irrelevant evidence which the court subsequently excluded is in this case regarded harmless.

3. **Appellate Practice:** JUDGMENT FOR THE RIGHT PARTY. Where the merits are manifestly in favor of the respondent, the appellate court may overlook mere technical errors.

*Appeal from the Jackson Circuit Court.*—HON. C. L. DOBSON, Judge.

AFFIRMED.

*F. V. Kander* and *F. B. Case* for appellant.

(1) Doremus, being a stockholder and one of the chief officers of the defendant corporation, was not a competent witness, and his testimony should not have been admitted. He did not testify to independent physical facts, but to matters consisting of correspondence between himself and the agent and manager of the

defendant company at Kansas City, which were wholly irrelevant and incompetent. R. S. 1889, sec. 8918; *Banking House v. Rood*, 132 Mo. 256. (2) "A party to contract" has been construed to mean the person who negotiated the contract rather than the person in whose name and interest it was made. Corporations from necessity can only work through agents. Witness Sweigler, being the agent and manager of the defendant company at Kansas City, through whom the defendant company contracted with Busse, deceased, was wholly incompetent to testify as to all transactions between Busse and himself, Busse being dead. *Banking House v. Rood*, 132 Mo. 256, and cases cited; *Miller v. Wilson*, 126 Mo. 48–54.

*Teasdale, Ingraham & Cowherd* for respondent.

(1) The objection to the deposition of the witness, Doremus, is on the theory that, being an officer of the defendant company, he was a party in interest, and, therefore, could not testify. While that contention might have been good at common law, that rule has been changed in this state by statute, and the very authority which the appellant invokes in support of his contention, viz., *Banking House v. Rood*, 132 Mo. 256–263, holds that the mere fact that one is a stockholder of a corporation, and, therefore, interested in the result of the litigation, does not disqualify him as a witness in the case. It was not claimed, and it was not a fact, that the testimony of the witness, Doremus, referred in any way to any transaction had between him, as agent of the company, and the deceased, Busse. Hence no question as to the competency of his testimony, because of agency, could arise in the case. (2) The other contention of appellant's counsel is that the court erred in admitting the testimony of the wit-

ness, Sweigler, as to the notes given by Busse. As a matter of fact, the court excluded this testimony, both by sustaining objections to it during the trial and by the first instruction given on behalf of the appellant. (3) The supreme court of this state, in a number of decisions, has held that the test of competency is the contract or cause of action in issue and on trial. *Looker v. Davis*, 47 Mo. 145; *Meier v. Thieman*, 90 Mo.433–442; *Lewis v. Merritt*, 98 N. Y. 207; *Bank v. Payne*, 111 Mo. 291–298; *Horner v. Frazier*, 65 Md. 1; *Bank v. Scofield*, 39 Vt. 590; *Robertson v. Mowell*, 66 Md. 530; *Wright v. Gilbert*, 51 Md. 157; *Gordon v. Eans*, 97 Mo. 587–603; *Price v. Breckenridge*, 92 Mo. 378–387; *Holmes v. Braidwood*, 82 Mo. 601–617. (4) The court will not reverse the judgment unless it believes error was committed by the trial court against the appellant materially affecting the merits of the action. R. S. 1889, sec. 2303; *Cooksey v. Crooks*, 23 Mo. App. 463; *McLeod v. Skiles*, 81 Mo. 595–603; *Gordon v. Eans*, 97 Mo. 587–603.

GILL, J.—On the fourteenth day of October, 1892, defendant issued a policy of insurance on the life of Frederick Busse. By the terms of the policy Busse was to pay to the company yearly, on October 14, for the period of ten years, the sum of $166.25; and if not so paid, then the policy and all rights of the assured thereunder were forfeited. Busse died June 17, 1894, and the plaintiff as his administrator sued on the policy. The defense was that the assured failed to pay the premium due October 14, 1893, and that all rights of the assured had become forfeited. On this issue there was a trial by jury, resulting in a verdict and judgment for defendant, and plaintiff appealed.

I. The sole errors assigned relate to the court's action in admitting certain testimony over plaintiff's

objections.    Defendant offered and read the deposition
of one Doremus, who testified that he was
vice-president of the defendant company,
etc.    Plaintiff's counsel objected to the
deposition on the sole ground that the
"witness was an officer of the defendant company and
not competent to testify, the other party being dead."
The court overruled the objection, and this furnishes
the first matter of complaint.    There is no merit in the
point, and the court's ruling was clearly correct.    The
witness was competent either at common law or under
our statute.    Doremus was, according to the showing,
a mere officer or agent of the corporation called to tes-
tify substantially as to whether or not the premium on
the Busse policy due October 14, 1893, was ever paid.
He was not shown to be a stockholder or to have any
financial interest in the company.    He testified that
the premium had not been paid to the company.    He
was a competent witness for that purpose even under
the rigid rules of the common law.    1 Greenl. Ev., sec.
416; *Bates v. Forcht*, 89 Mo. 121-127.    And we may
say here as was said in the *Bates* case, that the party
being a competent witness at common law, was not ren-
dered incompetent by section 8918 of our witness
statute, "inasmuch as it was not the purpose of said
section to *disqualify* witnesses who were qualified be-
fore its enactment, but on the contrary, to qualify
witnesses who, but for the statute, would be disquali-
fied.    It is an enabling and not a disabling statute."
The deposition should not have been excluded even
had the witness been a stockholder in addition to being
an agent or officer; for in reading the deposition, it is
seen that his testimony went not to the negotiation or
making the contract with Busse, the assured, but con-
cerned other matters not connected with such nego-
tiations.    These were all conducted with another agent

*Marginal note: WITNESSES: death of other party: officer of corporation: common law.*

of the company. In the case cited by plaintiff's counsel, *Banking House v. Rood*, 132 Mo. 256, it is said, "that the stockholders of a corporation are not incompetent on account of interest to testify as witnesses in a case involving a contract with the corporation, though the other party to the contract be at the time dead. His competency depends upon the character of the evidence offered. He will be incompetent to testify in regard to transactions and negotiations between himself as agent of the corporation, and deceased; in regard to independent facts he will be competent." Under this rule the deposition was properly read.

In regard to the evidence given by witness Sweigler, and which was objected to, it is sufficient to say that the court subsequently, by instruction, excluded the objectionable features, and the plaintiff was not therefore harmed, as we think.

EVIDENCE: irrelevant: exclusion.

But beyond all this, the merits of this case are so manifestly and overwhelmingly in defendant's favor that we should be justified in overlooking mere technical errors. A careful reading of all the testimony, as shown by the abstracts, forces the conclusion that plaintiff has no case. It establishes, without any substantial contradiction, that the assured Busse absolutely declined after the first year to make any further payments and abandoned his insurance. He voluntarily abandoned and forfeited his policy and so declared himself prior to his death.

APPELLATE practice: judgment for the right party.

The judgment will be affirmed. All concur.