DAVIDSON v. SMITH, Executor.

1. **Husband and wife:** ACTION AGAINST EXECUTOR. During a sickness of the husband the wife removed from his person a belt containing a large sum of money, but a small portion of which was returned to him, notwithstanding his repeated requests. After her death a claim for the amount not returned was filed by the assignee of the husband against her estate : *Held*, 1. That the possession of the money by the wife was the possession of the husband during her life; and that if after her death her executor takes possession of it, as a part of her estate, the husband by himself or his assignee may assert his right to its possession, which is then, for the first time in contemplation of law, denied; 2. That if the money was actually converted by the wife to her own use, contrary to his will, and in violation of legal right, it was a tort for which the law affords a remedy — by equitable proceedings if she is living — by proper proceedings against her estate, in the County Court, if she is dead.

2. **Practice:** OBJECTION TO EVIDENCE. The Supreme Court will disregard an objection to evidence, either oral or written, when the ground of such objection was not stated at the time.

*Appeal from Scott District Court.*

THURSDAY, JUNE 14.

THIS proceeding was commenced in the County Court of Scott county, on the probate side thereof, for the allow-

ance of a claim against the decedent for about four thousand dollars. There was a judgment in the nature of an order of allowance by the County Court in favor of plaintiff for the sum of fifteen hundred and eight dollars on one count of the claim, the others being rejected. The defendant appealed to the District Court, where a similar judgment was rendered.

He now appeals to this court. The further facts are stated in the opinion.

*Grant & Smith* for the appellant.

*Davison & True* for the appellee.

COLE, J. — The only claim upon which there was any controversy in the District Court (the others being with-

1. HUSBAND AND WIFE: action against an executor. drawn by the plaintiff) was for money received by the decedent of the plaintiff's assignor when very sick.

The evidence, which is not conflicting, is, in substance, that the decedent had been twice married; that her first husband having died, she intermarried with Thomas Cartwright. She then resided in Connecticut. About the 18th of January, 1863, the decedent and her husband removed to Davenport, Iowa. At that time, the wife (decedent) had a separate estate to a small amount; and the husband had two thousand dollars, besides a sufficiency to defray the expenses of travel, &c. This two thousand dollars was sewed up in a belt, and carried around the person of Thomas Cartwright. About the time of their arrival at Davenport, he was taken sick, and continuing quite sick for some days, the belt of money became troublesome to him, and the decedent, who was his wife, took the belt and money from around

his body, and returned but seven hundred dollars to him. He frequently asked her for the money, but she evaded its delivery, by various means. She afterwards died, but before her death made a will, whereby she devised all her property to her own and her first husband's relatives. Thomas Cartwright, the husband, made out an account against the estate of his deceased wife, and sold and assigned the same for value, to the plaintiff without recourse. The facts are proved mainly by an adopted child of the said Thomas and Catharine, a girl of about fourteen years of age, and her testimony is consistent and not contradicted. Thomas Cartwright was however sworn, and testified as a witness for plaintiff against the objections of defendant.

The defendant does not seriously controvert the sufficiency of the evidence to sustain the judgment, but resists the same mainly on the ground that no action could have been maintained by the husband against the wife thereon in her lifetime, and that none can now be maintained by him or his assignee against her estate.

There can be no reasonable doubt of the sufficiency of the evidence to sustain the finding and judgment, provided the action can be maintained.

And even if it should be admitted that the husband could not have his action against the wife in her lifetime, or against her estate after her death, upon a *contract* between them during the marriage (a matter which we do not admit or decide), it would by no means follow that this action could not be maintained. The judgment in this case may well be affirmed on two grounds: *First.* That the possession of the money by the wife was the possession of the husband during her life; and if, after her death, her executor takes possession of it, as part of her estate, the husband, by himself or assignee, may assert his right to its possession, which is then, for the first time in

contemplation of law, denied. *Second.* If the money was actually converted to her own use, contrary to his will and in violation of legal right, it was a *tort*, and not a contract, and such tort did not make it her own, nor the property of her estate; and it is a maxim of the law, that when there is a *right* there is a remedy, "*ubi jus, ibi remedium.*"

A proceeding to secure the money to the husband in the lifetime of the wife, would necessarily be an equitable one.

This proceeding originating in the County Court, may be regarded either as equitable or ordinary, according to the nature of the remedy the facts may justify and require.

On the trial of the case in the District Court, the plaintiff offered Thomas Cartwright as a witness in his behalf.

The bill of exceptions states, that the defendant objected to his giving testimony in the cause, but the court overruled the objection. The defendant's counsel here insist that the court erred in this ruling, because he testified to facts transpiring before the death of the testator of defendant, and it was therefore contrary to sections 3982, 3983 of the Revision. Whether this ruling was error or not we cannot determine.

2. PRACTICE: objection to evidence.

It is provided by section 3107 of the Revision, that "if the exception is to the admission or exclusion of evidence, oral or written, the ground of the objection must be also stated, and no other shall be regarded."

In this case, the bill of exceptions does not show that any ground was stated, and we cannot therefore regard any.

Affirmed.