JOHN J. KANE, Appellant, v. ELIZABETH J. KANE'S ADMINISTRATOR, Respondent.

St. Louis Court of Appeals, March 21, 1899.

1. **Wife as Trustee for her Husband**: EQUITABLE OWNER: WIFE NOT HELD TO ACCOUNT FOR RENTS. In the case at bar plaintiff had no right to an accounting; his full knowledge and consent to the application of rents received by his wife, to the payment of household expenses for twenty years is conclusive evidence that he did not regard her as acting in the capacity of an ordinary trustee.

2. **Deposition of Husband**: ADMISSIBILITY. The deposition of the husband as to the transactions with his deceased wife, held inadmissible.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

M. KINEALY and KINEALY & KINEALY for appellant.

This being an equitable proceeding the court will examine the evidence taken before the referee. Lewis v. Donovan, 8 Mo. 603; Knapp v. Publishers Geo. Knapp & Co., 127 Mo. 53; Holt v. Simmons, 16 Mo. App. 97. The wife may be held responsible in equity for money of the husband appropriated by her. Davidson v. Smith, 20 Iowa, 466-468. It is the duty of Elizabeth J. Kane's administrator to furnish the account of these rents which the trustee would have to furnish were she alive. 2 Beach on Trustees, sec. 367, pp. 858-862. The trustee is to be charged with all the rents she received, or that, by a reasonable degree of diligence, she might have received, and having failed to pay them over to the *cestui que trust*, she should be charged with interest. 2 Beach on Trustees, sec. 507, p. 1151. The *cestui que trust* has a right to an accounting from the administrator of the trustee, who must prove a full and faithful performance of the trust, and show the trustee's receipts and disbursements. 2 Beach on Receivers, sec. 682, p. 1563, and following.

CHARLES M. NAPTON for respondent.

If such an outrageous proposition as is embraced in plaintiff's case should meet the approval of this court, no wife would be safe. She might live along with her husband in fancied security for twenty years and then be called on to account for all the money she had received for groceries. No wife could safely go into her husband's pockets when he was asleep and abstract a few coins for car fare, much less

for milliners' bills. The Iowa case cited by appellant decides that a wife's estate may be held responsible to the husband for torts committed by her upon him, but indicates a doubt whether it could be held liable upon her contracts or implied contracts with the husband. But the taking into possession by the wife of the rents here was his possession. Under the circumstances of this case the possession of this wife was the husband's possession. At all events he will be presumed to have given the rent money to his wife for her support. Some of the more recent decisions of this court make considerable inroads on the doctrine as laid down in Meier v. Thieman, 90 Mo. 433, but none of them would warrant the introduction of plaintiff's deposition in such a case as this. The case of Dowis Heirs v. Elliott, 29 S. W. Rep. 142, is a Kentucky case, and is based on the Kentucky statute. Kentucky Code, sec. 606. Which is in every essential particular different from our statutes. The case is therefore no authority. The case of Bank v. Rood, 132 Mo. 257, does not conflict with my contention, nor do any of the cases cited in it. Appellant claims in point 9 that all the deposition of John. J. Kane should have been admitted "except as to those parts, if any, in which he testified to transactions had with Mrs. Kane." The fallacy of this proposition can best be seen by a reading of the deposition.

BOND, J.—This is a suit for an accounting against the administrator of plaintiff's deceased wife for rents alleged to have been collected by her while holding the title to a house and lot of which plaintiff was the equitable owner under a resulting trust. There was an order of reference and report of the referee recommending judgment for defendant, which was confirmed. Plaintiff appealed to the supreme court; that court decided that it was without jurisdiction and transferred the cause to this court.

Vol. 79 app—22

This action is a sequel to the case of Price v. Kane, 112 Mo. 412, which was an ejectment suit by the heirs of the wife, wherein it was held that the plaintiff was the owner by a resulting trust of the house and lot for the rents of which the administrator of the title holder is sought to be charged herein, on the theory that his intestate received such rents. The evidence is that the plaintiff's wife held the title to the house and lot for about twenty years prior to her death; that she received payments of such rents from the tenants of the property during the absence of her husband, who was seldom at home, being occupied most of his time in selling horses and mules in the southern states; that the total amount so paid to her did not exceed $320; that she used the money and other sums gotten by the sale of milk, butter and eggs in the payment, as far as possible, of household and personal expenses, and for feed and care of stock which plaintiff frequently left here while absent from the city; that at her death she left no money or personal estate. Upon this evidence the referee found a full accounting on the part of the defendant's intestate. We do not think under this evidence plaintiff had any right to an accounting. He was under a legal and moral duty to support his wife and to pay the necessary expenses of their household. His full knowledge and consent to the application to these purposes of the rents so far as received by her for a period of twenty years, is conclusive evidence that he did not regard his wife as acting in the capacity of an ordinary trustee or bound to the duties and responsibilities which govern that relationship. While it is true his title as equitable owner of the premises was upheld as against a deed thereto in her name, this was for the reason only that he paid the purchase money, and "she unequivocally declared that the property was his and that she held the title only in trust for him. Price v. Kane, 112 Mo. loc. cit. 416. Except for this clear and distinct declaration of trust on her part, the law would have vested her with full ownership of the prop-

erty on the universally recognized rule that a deed to the wife by the husband's direction of land paid for by him is to be presumed to be a settlement upon her. Ilgenfritz v. Ilgenfritz, 116 Mo. loc. cit. 429; 1 Beach on Trustees, secs. 161, 162 and 163. As concerning such rents of the property as were collected by the wife, there is not only no evidence that she admitted any liability on her part to her husband, but all the facts and circumstances show that both he and she desired the rents to be used and applied as shown in this record. That the husband should after twenty years assent to his wife's doings in this respect be permitted after her death to charge her estate with the money so expended, involves a conclusion, whose logic we are unable to affirm, and which is totally without precedent in the law.

Appellant cites Davidson v. Smith, 20 Iowa, 466. In that case the wife during the illness of her husband removed from his body a belt containing $2,000. Upon his repeated demands she returned only $700, the $1,300 which she retained went into the hands of the administrator of her separate estate. It was held that the assignee of the claim of the husband might enforce it against the administrator. That decision has no possible bearing on the facts in this record. Here the husband never demanded the rents paid to his wife; neither did she refuse to deliver them, nor did she transmit them to her administrator, for she left no personal property at her death. It is evident, therefore, that the case cited, even if correctly ruled, is no authority for the facts in judgment in this record. As this is a suit in equity and all the evidence is preserved in the record, the rulings of the referee thereon are immaterial. We can consider the competent and reject the incompetent evidence. Reynolds v. Kroff, 144 Mo. loc. cit. 448; Padley v. Neill, 134 Mo. loc. cit. 372. We do not think the deposition of the husband as to the transactions with his wife was admissible. R. S. 1889, sec. 8918; Miller v. Wilson, 126 Mo. 48. Nor was there

any error in excluding from consideration the facts alleged as to transactions with his wife in plaintiff's affidavit showing cause for not producing papers belonging to her which had been traced to his possession. The proper scope of a return to an order to produce papers is confined to the statutory excuses for non-productions. R. S. 1889, sec. 2179. It is not intended that such return shall embrace *ex parte* depositions as to matters whereof the affiant is incompetent to testify. Finding no reversible error in the decree it will be affirmed. All concur.